[Cite as *Heimann v. Heekin*, 2014-Ohio-4276.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| KATHRYN HEIMANN, | : | APPEAL NO. C-130613 |
| | | TRIAL NO. DV-1200806 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| ALBERT E. HEEKIN, IV, | : | |
| Defendant-Appellee. | : | |


Appeal From:  Hamilton County Court of Common Pleas, Domestic Relations
Division

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  September 30, 2014


*Lindhorst & Dreidame Co., L.P.A., Michael F. Lyon* and *Thomas J. Blatz, Jr.*, for
Plaintiff-Appellant,

*Heekin & Heekin* and *Christopher R. Heekin*, for Defendant-Appellee.


**Please note:  this case has been removed from the accelerated calendar.**

**HILDEBRANDT, Judge.**

{¶1}    Bringing forth two assignments of error, plaintiff-appellant Kathryn Heimann appeals the trial court's dismissal of her petition for a civil protection order ("CPO") under R.C. 3113.31.  Because Heimann filed her notice of appeal out of time, this court lacks jurisdiction to entertain the appeal and must dismiss it.

{¶2}    In August 2012, Heimann filed an ex parte petition for a CPO against defendant-appellee Albert E. Heekin, IV.  The matter was referred to a magistrate, who granted the CPO and set it to expire in August 2013.  A full hearing was then scheduled and ultimately occurred on November 1, 2012.  At the start of the hearing, Heekin informed the magistrate that he was ready to proceed.  Heimann then presented her case and rested.  At that point, Heekin requested a continuance in order to bring in witnesses to rebut Heimann's testimony.  Because the magistrate believed that Heekin was using the hearing as a fishing expedition, his request for a continuance was denied.  The next day, the magistrate ordered the CPO to become permanent and remain in effect an additional five years until November 1, 2017.

{¶3}    Heekin filed objections to the magistrate's grant of the protection order, arguing, among other things, that it was against the manifest weight of the evidence.  Two months later, Heekin, citing Civ.R. 53, moved the court to take additional evidence and rehear the case.  The trial court journalized an entry on March 18, 2013, granting Heekin's objections, rejecting the magistrate's grant of the protection order, and resetting the matter for a full hearing before the court.  But after repeated joint requests to continue the matter, the trial court eventually dismissed Heimann's petition for a protection order on August 22, 2013.

{¶4} Heimann appealed the dismissal by filing her notice of appeal on September 19, 2013. But this appeal was untimely. Under Civ.R. 65.1, Heimann should have appealed from the trial court's decision, journalized on March 18, 2013, which rejected the magistrate's grant of the protection order. From a review of the record, it appears that Heimann may have been misled by the trial court's misunderstanding of which civil rule governed petitions for protection orders brought under R.C. 3113.31.

{¶5} Because this case arose after July 1, 2012, it was governed by the provisions of the newly-adopted Civ.R. 65.1. Civ.R. 65.1 uniquely applies to the special statutory proceeding set forth in R.C. 3113.31, which provides the requirements for the entry of a CPO against adults for the protection of victims of domestic violence.

{¶6} Under Civ.R. 65.1(F)(3), civil protection petitions may be referred to a magistrate for determination, but civil protection orders are not "magistrate orders" as contemplated by Civ.R. 53(D) and are not subject to the requirements of Civ.R. 53 related to magistrate's orders. This is because Civ.R. 65.1 had been enacted, in part, to expedite the process for obtaining a protection order after a full hearing, and some of the provisions of Civ.R. 53 are incompatible with this goal, namely the "independent review by the court of magistrate 'decisions' rendered after hearing, and the filing and consideration of objections to those magistrate 'decisions.' " 2012 Staff Note, Civ.R. 65.1; Civ.R. 65.1(F)(3)(b).

{¶7} Under Civ.R. 65.1(F)(3)(c), the magistrate's grant or denial of a protection order after a full hearing is not effective until adopted by the court. A trial court may only adopt a magistrate's grant or denial of a protection order upon a

determination that "there is no error of law or other defect evident on the face of the order." Civ.R. 65.1(F)(3)(c). If there is an error of law or defect, the court may modify or reject the magistrate's order. Notably, unlike Civ.R. 53, a party may not object to the magistrate's grant or denial of a protection order under Civ.R. 65.1.

{¶8} The trial court's adoption, rejection or modification is effective when signed by the court and filed with the clerk. Civ.R. 65.1(F)(3)(c). At this point, the court's adoption or rejection becomes a final, appealable order. Civ.R. 65.1(G).

{¶9} As an alternative to immediately filing an appeal, Civ.R. 65.1(F)(3)(d)(i) only now allows a party to file objections to the court's adoption, modification or rejection of the magistrate's order. *See* 2012 Staff Note, Civ.R. 65.1. The objections will only be sustained if the objecting party shows either "that an error of law or other defect is evident on the face of the order, or that the credible evidence of record is insufficient to support the granting or denial of the protection order or that the magistrate abused the magistrate's discretion in including or failing to include specific terms in the protection order." Civ.R. 65.1(F)(3)(d)(i). The filing of objections does not stay the magistrate's grant or denial of a protection order, but does stay the time for appeal. Civ.R. 65.1(F)(3)(d)(iv).

{¶10} The record demonstrates that the trial court mistakenly followed the procedure for magistrate's orders set forth in Civ.R. 53 instead of Civ.R. 65.1. Thus, despite the fact that the trial court erroneously considered Heekin's objections to the magistrate's grant of the protection order, and had no authority to reset the matter for a hearing before the court, the trial court, in granting the objections, did reject the magistrate's grant of the protection order, which it had the authority to do. The trial court's entry rejecting the magistrate's grant of the protection order was

journalized on March 18, 2013. Under Civ.R. 65.1, the trial court's journalized rejection of the magistrate's order was a final appealable order. Civ.R. 65.1(G). Therefore, Heimann had 30 days from the trial court's journalized entry to appeal. App.R. 4(A); *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713 (1988) (time requirement in App.R. 4(A) is jurisdictional and cannot be enlarged by an appellate court). She did not do so. Her other option would have been to file objections to the trial court's rejection of the protection order within 14 days of the journalization of the entry. She did not do so. While the trial court's actions may have unintentionally led Heimann to believe that Civ.R. 53 applied in this case, it did not. Thus, Heimann's notice of appeal, filed almost five months after the trial court's rejection of the magistrate's grant of the protection order, was untimely. Consequently, we do not have jurisdiction to entertain Heimann's appeal, and it is dismissed.

Appeal dismissed.

CUNNINGHAM, P.J., and DINKELACKER, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.