[Cite as *Runkle v. Stewart*, 2019-Ohio-2356.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| CASEY S. RUNKLE | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2018-CA-27 |
| | : | |
| v. | : | Trial Court Case No. 2018-DV-328 |
| | : | |
| JACK STEWART | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of June, 2019.

. . . . . . . . . . .

CASEY S. RUNKLE, 222 Walker Street, Piqua, Ohio 45356
    Plaintiff-Appellant, Pro Se

JACK STEWART, 517 First Street, Piqua, Ohio 45356
    Defendant-Appellee, Pro Se

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Plaintiff-appellant, Casey S. Runkle, appeals pro se from a judgment of the Miami County Court of Common Pleas denying her petition for a domestic violence civil protection order ("DVCPO") and terminating an ex parte DVCPO previously granted against defendant-appellee, Jack Stewart. Because Runkle failed to file objections to the decision as required by Civ.R. 65.1(G), the trial court's judgment will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On October 10, 2018, Runkle filed a petition for a DVCPO against her ex-boyfriend, Stewart. In the petition, Runkle alleged that Stewart had choked her multiple times, hit her in the face, cut her pinky finger while he was trying to take her vehicle, and threatened to kill her and rape her daughter. The same day Runkle filed the petition, a trial court magistrate held a hearing on the matter. Following the hearing, the magistrate issued an ex parte DVCPO against Stewart.

{¶ 3} On October 17, 2018, the magistrate held a full evidentiary hearing on Runkle's petition for a DVCPO. Both Runkle and Stewart appeared pro se at the hearing. After hearing testimony from both Runkle and Stewart, the magistrate issued an order denying Runkle's petition and terminating the ex parte DVCPO issued on October 10, 2018. In support of that decision, the magistrate made the following findings:

> Based upon the admissible evidence before it, the Court * * * finds
> that [Runkle] has failed to establish by a preponderance of the evidence
> that [she] or [her] family or household member(s) are in danger of or have

been a victim of domestic violence or sexually oriented offenses as defined in R.C. 311.31(A) committed by [Stewart].

[Stewart] was driving the van and parked the van. [Runkle] decided she wanted the van. The parties argued over the keys and [Runkle] was injured when [Stewart] tried to get away. [Runkle] failed to establish that [Stewart] was the aggressor. The court is left not knowing who was the aggressor. There have been other incidents of [Runkle] attacking [Stewart]. [Runkle] was placed in a diversion program from [a] domestic violence case in Florida where [she] was the aggressor.

[Runkle] lacked credibility. [Runkle] accused [Stewart] of trying to harm her daughter because he was walking into her daughter's bedroom without no other indication of harm. No other evidence was presented.

Order Denying Domestic Violence Civil Protection Order After Full Hearing (Nov. 8, 2018), Docket No. 5, p. 1.

**{¶ 4}** The magistrate's order denying the DVCPO also indicated that the trial court judge had reviewed and adopted the order. After the order was adopted, on November 14, 2018, Runkle filed a handwritten statement with the trial court indicating that she "would like to appeal the court[']s decision in denying [the] domestic violence civil protection order after the full hearing." Runkle's statement also set forth her reasons for wanting to appeal the order. A month later, Runkle filed three photographs with the trial court that depicted a cut on her finger and bruises on her arms that were purportedly inflicted by Stewart.

**{¶ 5}** The trial court denominated Runkle's November 14th handwritten statement

as a notice of appeal.  Runkle thereafter filed a pro se appellate brief with this court.  Contrary to App.R. 16, Runkle's appellate brief does not contain any assignments of error for this court to review.   Instead, Runkle's appellate brief consists of a single statement: "I, Casey Runkle have submitted evidence that Jack Stewart has been abusive, and would like to ask the court to reconsider the [DV]CPO."   Stewart did not file an appellate brief in response.   The matter is now ripe for consideration.

**Law and Analysis**

{¶ 6} Requests for DVCPOs are governed by Civ.R. 65.1.   Pursuant to that rule, "[w]hen a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order."   Civ.R. 65.1(F)(3)(c)(ii).

{¶ 7} A magistrate's decision to grant or deny a DVCPO after a full hearing is not subject to the requirements in Civ.R. 53(D)(2) or (3), which govern procedures for moving to set aside a magistrate's order and objecting to a magistrate's decision.   Civ.R. 65.1(F)(3)(b).   "[T]he magistrate's grant or denial of a protection order after a full hearing is not effective until adopted by the court."   *Heimann v. Heekin*, 1st Dist. Hamilton No. C-130613, 2014-Ohio-4276, ¶ 7, citing Civ.R. 65.1(F)(3)(c).

{¶ 8} Pursuant to Civ.R. 65.1(G), a trial court's decision to adopt a magistrate's decision that grants or denies a DVCPO is a final, appealable order.   However, pursuant to a July 1, 2016 amendment to Civ.R. 65.1, a party must timely file objections to such an

order prior to filing an appeal.[1] *See* Civ.R. 65.1(G). Specifically, Civ.R. 65.1(G) provides that:

> Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) or division (F)(3)(e) of this rule is a final, appealable order. However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

{¶ 9} Written objections to the trial court's adoption of a magistrate's decision granting or denying a DVCPO must be filed within 14 days of the trial court filing its order. Civ.R. 65.1(F)(3)(d)(i). " 'If an appellant fails to file timely objections to the trial court's adoption of the magistrate's decision, the appeal must be dismissed.' " *C.F. v. T.H.R.*, 10th Dist. Franklin No. 18AP-536, 2019-Ohio-488, ¶ 6, quoting *K.R. v. T.B.*, 10th Dist. Franklin No. 17AP-302, 2017-Ohio-8647, ¶ 5.

{¶ 10} Here, the record reflects that Runkle failed to file objections to the trial court's adoption of the magistrate's decision denying the DVCPO. Without timely-filed objections, Runkle may not challenge the trial court's decision on appeal. *See J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017-Ohio-7507, ¶ 22, citing Civ.R. 65.1(G).

---

[1]The former version of Civ.R. 65.1 provided a petitioner with two alternatives: (1) an immediate appeal of the trial court's adoption of the magistrate's decision on the protection order; or (2) the filing of timely objections in the trial court. *J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017-Ohio-7507, ¶ 19, citing *Schneider v. Razek*, 2015-Ohio-410, 28 N.E.3d 591, ¶ 31 (8th Dist.), citing 2012 Staff Note to Civ.R. 65.1(F)(3)(d)(i) (stating the objection process is "an alternative to immediate appeal").

## Conclusion

**{¶ 11}** Having found that Runkle failed to file timely objections to the trial court's adoption of the magistrate's decision denying the DVCPO after a full evidentiary hearing, as required by Civ.R. 65.1(G), the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Casey S. Runkle
Jack Stewart
Hon. Stacy M. Wall