[Cite as *Anderson v. Gregory*, 2019-Ohio-2346.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| JANIS ANDERSON | : | |
| | : | |
| Petitioner-Appellee | : | Appellate Case No. 28277 |
| | : | |
| v. | : | Trial Court Case No. 2019-CV-89 |
| | : | |
| PAULISHA GREGORY | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Respondent-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 14th day of June, 2019.

. . . . . . . . . .

JANIS ANDERSON, 1288 Stuben Drive, Dayton, Ohio 45417
        Petitioner-Appellee, Pro Se

PAULISHA GREGORY, 2331 Riverside Drive, Apt. 6, Dayton, Ohio 45405
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Paulisha Gregory appeals from a final civil stalking protection order granted

by the trial court on January 22, 2019, in favor of Janis Anderson. Because Gregory is not permitted to appeal the trial court's adoption of the magistrate's decision granting the protection order without having filed timely objections in the trial court, the judgment of the trial court is affirmed.

{¶ 2} In response to a prompt on her petition for a civil stalking protection order which asked the petitioner to "describe the nature and extent of the pattern of conduct that causes you to believe that Respondent will cause you physical harm or causes (or has caused) mental distress," Anderson's petition stated:

> On 1-6-19 Paulisha Gregory use a tracker or location device to find me and Jamel Kirk at my job [at] Homewood Suites. While sitting in the car try to get away [sic] Paulisha blocked the car in. I managed to get away and she proceeded to follow me until I got to my cousin * * *. She then started circling the car and parking lot before pulling off.

{¶ 3} The magistrate did not grant an ex parte order, and the matter was set for a full hearing before the magistrate on January 15, 2019. The notice of the hearing provided in part: "Failure of the Respondent to appear may result in a default judgment granted against Paulisha Gregory in accordance with Civil Rule 55." The record reflects that Gregory was served with the notice of the hearing on January 8, 2019. The final protection order stated that Anderson was present at the January 15, 2019 hearing, and it set forth the following findings of fact: "Respondent has called the Petitioner more than 50 times over the course of a couple days. Respondent has threatened to kill Petitioner and beat her up." The final protection order provided: "IF THE FULL HEARING PROCEEDING WAS REFERRED TO A MAGISTRATE, the Court has reviewed the

magistrate's granting of this Order and finds no error of law or other defect evident on the face of the Order. Accordingly, the Court adopts the magistrate's granting of this Order." The final protection order was signed by the trial court judge. The record reflects that Gregory was served with the final protection order on January 23, 2019.

{¶ 4} Gregory's brief states in part as follows: "January 15, 2019 I wasn't able to attend the court hearing for the civil stalking order that was against me due to illness. I was diagnosed with Influenza A on January 14, 2019. I tried calling the courts early morning on the 15, 2019 [sic] but the case was still on the docket." Gregory asserts that she "would like the chance to defend" herself in this matter because, but for her illness, she would have attended the January 15, 2019 hearing. Gregory also requests that Anderson pay the court costs and fees and that the judgment against her (Gregory) for court costs be vacated.

{¶ 5} As this Court has noted:

Notably, pro se litigants are required to follow the same procedures as parties who are represented by counsel. *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5. " 'It is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' " (Italics sic.) *State ex rel. Fuller v. Mengel,* 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001).

*Scaccia v. Fidelity Investments*, 2d Dist. Greene No. 2018-CA-5, 2019-Ohio-50, ¶ 34.

{¶ 6}   Civ.R. 65.1 governs civil protection orders. Civ.R. 65.1(F)(3)(b) provides: "A magistrate's denial or granting of a protection order after a full hearing under this division does not constitute a magistrate's order or a magistrate's decision under Civ.R. 53(D)(2) or (3) and is not subject to the requirements of those rules."   Civ.R. 65.1(F)(3)(c)(ii) states: "When a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order."   A "party may file written objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such order, within fourteen days of the court's filing of the order."   Civ.R. 65.1(F)(3)(d).

{¶ 7} Civ.R. 65.1(G) states:

Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) * * * of this rule is a final, appealable order. However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

{¶ 8}   As noted by the Seventh District Court of Appeals:

* * * [D]ivision (G)'s first sentence was amended from stating the court's adoption of the magistrate's granting (or denial) of a civil protection order is a final appealable order that can be appealed upon issuance of the order "with or without the subsequent filing of objections" to stating such

order "is a final appealable order. However, a party must timely file objections * * * prior to filing an appeal." Where a civil protection order is issued by a magistrate and made effective due to adoption by the trial court under Civ.R. 65.1(F)(3)(c), the alternative of immediately appealing the protection order without filing timely objections is no longer available after the July 1, 2016 amendments to the rule. In filing objections, the aggrieved party "has the burden to show that an error of law or other defect is evident on the fac[e] of the order," among other things. Civ.R. 65.1(F)(3)(d)(iii). This is distinct from Civ.R. 53. There is no provisions in Civ.R. 65.1 for an appellate court's plain error review in the absence of objections as contained in Civ.R. 53(D)(3)(b)(iv). Instead, Civ.R. 65.1 provides: "a party must file timely objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal * * *." Civ.R. 65.1(G).

*J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017-Ohio-7507, ¶ 21.

{¶ 9} Without filing timely objections in the trial court, Gregory is not permitted to appeal the trial court's adoption of the magistrate's decision granting of the final civil stalking protection order against her. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . .


WELBAUM, P.J. and HALL, J., concur.


Copies sent to:

Janis Anderson
Paulisha Gregory
Hon. Michael W. Krumholtz