[Cite as *Whatley v. Canales*, 2020-Ohio-213.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

MARICA WHATLEY

     Plaintiff-Appellant

v.

JERMEL CANALES

     Defendant-Appellee

:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 28382

Trial Court Case No. 2019-CV-1391

(Civil Appeal from
Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of January, 2020.

. . . . . . . . . . .

MARICA WHATLEY, 214 Glenside Court, Trotwood, Ohio 45426
    Plaintiff-Appellant, Pro Se

JERMEL CANALES, 214 Glenside Court, Trotwood, Ohio 45426
    Defendant-Appellee, Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} In this case, Appellant, Marica Whatley, appeals pro se from a judgment of the trial court denying her petition for a civil stalking protection order against Appellee, Jermel Canales. However, Whatley failed to file objections to the trial court's adoption of the magistrate's decision as required by Civ.R. 65.1(G). The judgment of the trial court, therefore, will be affirmed.

I. Facts and Course of Proceedings

{¶ 2} On April 1, 2019, Whatley filed a petition for a civil stalking protection order or civil sexually oriented offense order ("CSPO") against Canales, who is the live-in boyfriend of Whatley's daughter. Whatley's petition alleged that Canales had raped her (Whatley), had stolen from her, and had broken her household objects. Whatley waived an ex parte order, and the case was set for a full evidentiary hearing to be held on April 9, 2019.

{¶ 3} Both parties appeared at the hearing pro se, and the magistrate heard testimony from each party. Whatley testified to various ways in which Canales had harassed and had stolen from her. On the other hand, Canales testified that the allegations were untrue, that Whatley was bipolar, and that she had not been taking her medication. After hearing the evidence, the magistrate issued a decision, concluding that Whatley failed to establish that Canales had engaged in two or more incidents that would cause Whatley to reasonably fear physical harm. As a result, the CSPO petition was denied.

{¶ 4} On April 16, 2019, the trial court found no errors of law or defects on the face of the magistrate's decision, adopted it, and entered judgment denying the petition for a

CSPO. Whatley did not file objections to the trial court's decision. Instead, on May 6, 2019, she filed a notice of appeal from the court's judgment.

{¶ 5} Whatley has filed a pro se appellate brief, but has not asserted any assignments of error. This is contrary to the requirements in App.R. 16(A)(3) and (6). Rather than complying with the rule, Whatley's brief simply reiterates allegations she made in the CSPO petition and adds some factual allegations that were not raised during the hearing. Canales has also filed a pro se brief, and this matter is ready for resolution.

## II. Discussion

{¶ 6} Under Civ.R. 65.1(F)(3)(c)(ii), which applies to petitions for CSPOs, "[w]hen a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." The court's adoption of a magistrate's denial "of a protection order after a full hearing shall be effective when signed by the court and filed with the clerk." Civ.R. 65.1(F)(3)(c)(v).

{¶ 7} "A magistrate's decision to grant or deny a [CSPO] after a full hearing is not subject to the requirements in Civ.R. 53(D)(2) or (3), which govern procedures for moving to set aside a magistrate's order and objecting to a magistrate's decision." *Runkle v. Stewart*, 2d Dist. Miami No. 2018-CA-27, 2019-Ohio-2356, ¶ 7, citing Civ.R. 65.1(F)(3)(b). Instead, Civ.R. 65.1(G) provides that "a trial court's decision to adopt a magistrate's decision that grants or denies a [CSPO] is a final, appealable order. However, pursuant to a July 1, 2016 amendment to Civ.R. 65.1, a party must timely file objections to such an

order prior to filing an appeal." *Id.* at ¶ 8.

**{¶ 8}** Before the rule was amended in July 2016, parties could either immediately appeal a court's adoption of the magistrate's decision or file timely objections in the trial court. *Id.* at ¶ 8, fn. 1. As amended, however, Civ.R. 65.1(G) provides that:

> Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) or division (F)(3)(e) of this rule is a final, appealable order. However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

**{¶ 9}** According to the record, Whatley failed to file objections to the trial court's adoption of the magistrate's decision. As a result, she cannot now challenge the trial court's decision. *Runkle* at ¶ 10, citing *J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017-Ohio-7507, ¶ 22. *See also Anderson v. Gregory,* 2d Dist. Montgomery No. 28277, 2019-Ohio-2346, ¶ 8-9.

### III. Conclusion

**{¶ 10}** Having found that Whatley failed to file objections to the trial court's adoption of the magistrate's decision denying a CSPO, as mandated by Civ.R. 65.1(G), the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Marica Whatley
Jermel Canales
Hon. Mary E. Montgomery