[Cite as *Fecke v. Sizemore*, 2020-Ohio-2851.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| THERESA FECKE | : | |
| | : | |
| Petitioner-Appellant | : | Appellate Case No. 28536 |
| | : | |
| v. | : | Trial Court Case No. 2019-CV-3707 |
| | : | |
| ROCKY SIZEMORE | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Respondent-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of May, 2020.

. . . . . . . . . . .

THERESA FECKE, 4127 Redonda Lane, Dayton, Ohio 45416
    Plaintiff-Appellant, Pro Se

ROCKY SIZEMORE, 4539 Marlin Avenue, Dayton, Ohio 45416
    Defendant-Appellee, Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Petitioner-appellant, Theresa Fecke, appeals pro se from a judgment of the Montgomery County Court of Common Pleas that adopted a magistrate's decision denying her petition for a civil stalking protection order against respondent-appellee, Rocky Sizemore. Because Fecke failed to file objections to the trial court's adoption of the magistrate's decision as required by Civ.R. 65.1(G), the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On August 14, 2019, Fecke filed a petition for a civil stalking protection order ("CSPO") against her sister's husband, Sizemore. Fecke's petition alleged that Sizemore came to her house and pounded on the front door while cursing at her and yelling for her to open the door so that he could take pictures of the house. Fecke waived an ex parte order, and the case was scheduled for a full evidentiary hearing to be held before a magistrate on August 20, 2019. Both Fecke and Sizemore appeared at the hearing pro se, and the magistrate heard testimony from each party.

{¶ 3} The parties' testimony established that there was an ongoing dispute between Fecke and her sister regarding their deceased mother's residence, where Fecke had been living. Fecke testified that on June 19, 2019, Sizemore came to the residence and pounded on the front door while yelling and cursing. Fecke testified that Sizemore then walked around to the backyard where she and her daughter were located and confronted them. Fecke testified that Sizemore demanded to come inside the residence so that he could take pictures for purposes of putting the residence up for sale. Fecke testified that when she and her daughter told him to leave, Sizemore backed them into

the house without touching them and proceeded to take pictures while they were screaming for him to leave. Fecke testified that Sizemore left after he took the pictures, but returned on June 23, 2019. On that day, Fecke testified simply that Sizemore pulled his car up really fast in her driveway.

{¶ 4} Sizemore testified that the residence in question was in probate and belonged to his wife, Fecke, and their brother. Sizemore testified that Fecke had claimed the residence for herself and had been living there for the past three years. Sizemore testified that he and his wife had recently discovered that Fecke had not been paying taxes on the residence, had no homeowner's insurance, and was not taking care of the property. With regard to the incident in question, Sizemore testified that he knocked aggressively on the front door without yelling and advised Fecke that he had permission from his wife to take pictures of the house. According to Sizemore, he simply went inside the residence, took pictures, and left.

{¶ 5} After hearing the evidence, the magistrate issued a decision concluding that Fecke had failed to establish that Sizemore had engaged in two or more incidents that would cause Fecke to reasonably fear physical harm. As a result, the magistrate denied Fecke's CSPO petition. On September 3, 2019, the trial court found no errors of law or defects on the face of the magistrate's decision, adopted it, and entered a judgment denying the petition for a CSPO. Fecke did not file objections to the trial court's decision. Instead, on September 20, 2019, she filed a notice of appeal indicating that she was appealing from the trial court's judgment denying her petition for a CSPO.

{¶ 6} In support of her appeal, Fecke has filed a pro se appellate brief, but has not asserted any assignments of error as required by App.R. 16(A)(3) and (6). Rather,

Fecke's appellate brief simply recites some factual allegations that were not raised during the evidentiary hearing and requests that this court reverse the trial court's decision. Sizemore did not filed a pro se brief in response.

**Law and Analysis**

{¶ 7} Pursuant to Civ.R. 65.1(F)(3)(c)(ii), which applies to petitions for CSPOs, "[w]hen a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." The trial court's adoption of a magistrate's denial "of a protection order after a full hearing shall be effective when signed by the court and filed with the clerk." Civ.R. 65.1(F)(3)(c)(v).

{¶ 8} "A magistrate's decision to grant or deny a [CSPO] after a full hearing is not subject to the requirements in Civ.R. 53(D)(2) or (3), which govern procedures for moving to set aside a magistrate's order and objecting to a magistrate's decision." *Runkle v. Stewart*, 2d Dist. Miami No. 2018-CA-27, 2019-Ohio-2356, ¶ 7, citing Civ.R. 65.1(F)(3)(b). Instead, Civ.R. 65.1(G) provides that "a trial court's decision to adopt a magistrate's decision that grants or denies a [CSPO] is a final, appealable order. However, pursuant to a July 1, 2016 amendment to Civ.R. 65.1, a party must timely file objections to such an order prior to filing an appeal." *Id.* at ¶ 8.

{¶ 9} Before the rule was amended in July 2016, parties could either immediately appeal a court's adoption of the magistrate's decision or file timely objections in the trial court. *Id.* at ¶ 8, fn. 1. As amended, however, Civ.R. 65.1(G) provides that:

Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) or division (F)(3)(e) of this rule is a final, appealable order. However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

{¶ 10} In this case, the record indicates that Fecke failed to file objections to the trial court's adoption of the magistrate's decision. As a result, Fecke cannot now challenge the trial court's decision. *See Whatley v. Canales*, 2d Dist. Montgomery No. 28382, 2020-Ohio-213, ¶ 9, citing *Runkle* at ¶ 10, citing *J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017-Ohio-7507, ¶ 22. *See also Anderson v. Gregory*, 2d Dist. Montgomery No. 28277, 2019-Ohio-2346, ¶ 8-9.

## Conclusion

{¶ 11} Given that Fecke failed to file objections to the trial court's adoption of the magistrate's decision denying a CSPO as mandated by Civ.R. 65.1(G), the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Theresa Fecke
Rocky Sizemore
Hon. Michael W. Krumholtz