[Cite as *Steele v. Steele*, 2021-Ohio-148.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

|                          |     |                              |
| ------------------------ | --- | ---------------------------- |
| JESSICA P. STEELE        | :   |                              |
|                          | :   | Appellate Case No. 2020-CA-3 |
| Petitioner-Appellee      | :   |                              |
|                          | :   | Trial Court Case No. 2019-DR-258 |
| v.                       | :   |                              |
|                          | :   | (Appeal from Common Pleas    |
| KENNETH A. STEELE, II    | :   | Court – Domestic Relations Division) |
|                          | :   |                              |
| Respondent-Appellant     | :   |                              |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of January, 2021.

. . . . . . . . . . .

LUCINDA WELLER, Atty. Reg. No. 0070667, 525 Jefferson Avenue, Suite 400, Toledo, Ohio 43604
    Attorney for Petitioner-Appellee

GREGG LEWIS, Atty. Reg. No. 0041229, 625 City Park Avenue, Columbus, Ohio 43206
    Attorney for Respondent-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Kenneth A. Steele, II appeals from the trial court's order granting a petition for a civil stalking protection order filed by his former wife, Jessica P. Steele. The court granted an order of protection for the parties' minor child, to be in effect for five years. Mr. Steele cannot challenge on appeal the trial court's grant of a civil protection order because he failed to file objections in the trial court, as required by Civ.R. 65.1. As such, the judgment of the trial court is affirmed.

{¶ 2} This Court recently discussed an amendment to Civ. R. 65.1 as follows:

"When a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." Civ.R. 65.1(F)(3)(c)(ii). "[T]he magistrate's grant or denial of a protection order after a full hearing is not effective until adopted by the court." *Heimann v. Heekin*, 1st Dist. Hamilton No. C-130613, 2014-Ohio-4276, ¶ 7, citing Civ.R. 65.1(F)(3)(c). A trial court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing becomes effective when it is signed by the court and filed with the clerk. Civ.R. 65.1(F)(3)(c)(v).

Pursuant to Civ.R. 65.1(G), a trial court's decision to adopt a magistrate's decision that grants or denies a [civil protection order] is a final, appealable order. However, as of July 1, 2016, the rule requires a party to file timely objections to the trial court's order prior to filing an appeal. *See*

Civ.R. 65.1(G). Written objections must be filed within 14 days of the filing of the trial court's order. Civ.R. 65.1(F)(3)(d)(i).

Since the July 1, 2016 changes to Civ.R. 65.1(G), several appellate districts have held that an appeal must be dismissed if timely objections were not filed. *See, e.g., Casto v. Lehr*, 5th Dist. Tuscarawas No. 2020 AP 02 0002, 2020-Ohio-3777, ¶ 19; *Hetrick v. Lockwood*, 6th Dist. Sandusky No. S-17-014, 2018-Ohio-118; *J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017-Ohio-7507; *K.R. v. T.B.*, 10th Dist. Franklin No. 17AP-302, 2017-Ohio-8647; *Post v. Leopardi*, 11th Dist. Trumbull No. 2019-T-0061, 2020-Ohio-2890.

In contrast, this court has not found the failure to file objections to be jurisdictional. *See, e.g., Fecke v. Sizemore*, 2d Dist. Montgomery No. 28536, 2020-Ohio-2851 (affirming a protection order due to appellant's failure to file objections); *Whatley v. Canales*, 2d Dist. Montgomery No. 28382, 2020-Ohio-213; *Runkle v. Stewart*, 2d Dist. Miami No. 2018-CA-27, 2019-Ohio-2356 (noting that the failure to file objections required dismissal, but nonetheless affirming the trial court's [protection order] due to failure to file objections); *Anderson v. Gregory*, 2d Dist. Montgomery No. 28277, 2019-Ohio-2346. *See also Danison v. Blinco,* 3d Dist. Crawford No. 3-18-19, 2019-Ohio-2767. Nevertheless, a party may not challenge the protection order on appeal if objections were not filed. *Id.*

*Florenz v. Omalley*, 2020-Ohio-4487, __ N.E.3d __, ¶ 7-10 (2d Dist.).

{¶ 3} Civ.R. 65.1 is clear that magistrate decisions after a full hearing are not

subject to the requirements in Civ.R. 53(D)(2) or (3). *Florenz* at ¶ 12, citing Civ.R. 65.1(F)(3)(b) and *Runkle* at ¶ 7. Further, a protection order "need not comply with Civ.R. 53(D)(3)(a)(iii), which requires a magistrate decision to 'indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, * * * unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).' " *Id.*

{¶ 4} The protection order herein, on the final page, stated: "**_NOTICE OF FINAL APPEALABLE ORDER_** Copies of this Order, which is a final appealable order, were served on the parties indicated pursuant to Civ.R. 65.1(C)(3) on 23 day of DEC, 2020." A separate "Notice of Final Appealable Order" was also filed with the protection order.

{¶ 5} In *Florenz*, this Court described the protection order at issue therein as follows:

> * * * [T]he [protection order] highlighted portions of Civ.R. 65.1. It stated that the magistrate's order was not governed by Civ.R. 53(D), timely objections did not stay the execution of the order, objections had to conform to Civ.R. 65.1(F)(3)(d), the trial court's adoption of the magistrate's order was not effective until signed by the court and filed with the clerk, and "[n]otwithstanding the provisions of any other rule, an order entered by this court under Civ.R. 65.1(F)(3)(c) is a final appealable order that can be appealed upon issuance of the order."
>
> In our view, the notification regarding Civ.R. 65.1 suggested that objections were optional and that the order could be appealed immediately without filing objections. Specifically, the inclusion of the language from

Civ.R. 65.1(G) indicating that the order could be immediately appealed was misleading in the absence of additional information that timely objections were required prior to filing an appeal. While the magistrate was not required by rule to inform the parties about the need to object, the decision to provide some information about Civ.R. 65.1 to the parties triggered an obligation to provide complete and accurate information.

*Florenz* at ¶ 13-14.

{¶ 6} This Court affirmed the trial court's decision, noting as follows:

Even if we were to consider Omalley's arguments in light of the Civ.R. 65.1 language in the [civil protection order], we would nevertheless find no basis to reverse the order. Omalley failed to provide a transcript of the full hearing before the magistrate, as required by Civ.R. 65.1(F)(3)(d)(iv). In the absence of a written transcript of the hearing, we have no record of the evidence presented to the magistrate, and we cannot speculate what testimony was given at that hearing. *Williams v. Foster*, 2d Dist. Montgomery No. 28416, 2019-Ohio-4601, ¶ 10, citing *Miller v. Tye*, 2d Dist. Montgomery No. 26277, 2015-Ohio-199, ¶ 90. Rather, we must presume that the evidence supported the magistrate's findings. *See Kahler v. Eytcheson*, 2d Dist. Montgomery No. 23523, 2012-Ohio-208, ¶ 34.

*Id.* at ¶ 15.

{¶ 7} It is clear that, in the absence of objections, Mr. Steele may not challenge the trial court's decision on appeal. However, we again express concern about the trial court's language in its protection order, which merely provides that the order is final and

appealable, and accordingly suggests that objections are not required. We caution that a trial court's judgment granting or denying a civil protection order should not imply that objections are unnecessary or optional. The final sentence of Civ.R. 65.1(G) provides: "a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections." We are concerned that the court partially advised the parties that the protection order was final and appealable, but failed to fully advise them that objections are nevertheless required. As we noted in *Florenz*, the court is obligated to provide complete and accurate information.

{¶ 8} Finally, we note that pursuant to R.C. 3113.31, either party may move to modify or terminate a civil protection order. R.C. 3113.31(E)(8)(b) provides:

> * * * The moving party has the burden of proof to show, by a preponderance of the evidence, that modification or termination of the protection order or consent agreement is appropriate because either the protection order or consent agreement is no longer needed or because the terms of the original protection order or consent agreement are no longer appropriate.

"When ruling on a motion to terminate a [civil protection order], a trial court must consider 'all relevant factors,' including the factors identified in R.C. 3113.31(E)(8)(c)." *Brown v. Naff*, 2d Dist. Miami No. 2011-CA-17, 2012-Ohio-1770, ¶ 10.

{¶ 9} The order of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Lucinda Weller
Gregg Lewis
Hon. Brett A. Gilbert