[Cite as *Cobia v. Mays*, 2021-Ohio-863.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| RAY COBIA | : | |
| | : | |
| Petitioner-Appellant | : | Appellate Case No. 28862 |
| | : | |
| v. | : | Trial Court Case No. 2020-CV-2642 |
| | : | |
| MARK MAYS | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Respondent-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of March, 2021.

. . . . . . . . . . .

RAY COBIA, 2253 North Gettysburg Avenue, Dayton, Ohio 45406
    Petitioner-Plaintiff, Pro Se

MARK MAYS, 6060 Germantown Pike, Dayton, Ohio 45417
    Respondent-Defendant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Ray Cobia appeals from the trial court's judgment denying her petition for a civil protection order after a hearing. Cobia cannot challenge on appeal the trial court's denial of the protection order, because he failed to file objections in the trial court, as required by Civ.R. 65.1. Accordingly, the judgment of the trial court is affirmed.

**{¶ 2}** Cobia filed his petition on July 9, 2020, and he waived his right to an ex parte hearing. A magistrate conducted a full hearing on July 22, 2020, but the transcript of that hearing is not part of our record.[1] The magistrate's decision found that Cobia had failed to establish that Mark Mays, the respondent, had engaged in two or more incidents which "would cause [him] to reasonably fear physical harm."

**{¶ 3}** This Court recently discussed an amendment to Civ.R.65.1 as follows:

"When a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." Civ.R. 65.1(F)(3)(c)(ii). "[T]he magistrate's grant or denial of a protection order after a full hearing is not effective until adopted by the court." *Heimann v. Heekin*, 1st Dist. Hamilton No. C-130613, 2014-Ohio-4276, ¶ 7, citing Civ.R. 65.1(F)(3)(c). A trial court's adoption, modification, or rejection of a

---

[1] Notably, given that Cobia has not fulfilled his duty under App.R. 9(B) to provide a transcript of the hearing, we must presume the regularity of the trial court proceedings "unless the limited record before us affirmatively demonstrates error." *State v. White*, 2018-Ohio-2573, 115 N.E.3d 878, ¶ 12 (2d Dist), citing *Banks v. Regan*, 2d Dist. Montgomery No. 21929, 2008-Ohio-188, ¶ 2, and *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

magistrate's denial or granting of a protection order after a full hearing becomes effective when it is signed by the court and filed with the clerk. Civ.R.65.1(F)(3)(c)(v).

Pursuant to Civ.R. 65.1(G), a trial court's decision to adopt a magistrate's decision that grants or denies a [civil protection order] is a final, appealable order. However, as of July 1, 2016, the rule requires a party to file timely objections to the trial court's order prior to filing an appeal. *See* Civ.R. 65.1(G). Written objections must be filed within 14 days of the filing of the trial court's order. Civ.R. 65.1(F)(3)(d)(i).

Since the July 1, 2016 changes to Civ.R. 65.1(G), several appellate districts have held that an appeal must be dismissed if timely objections were not filed. *See, e.g., Casto v. Lehr*, 5th Dist. Tuscarawas No. 2020 AP 02 0002, 2020-Ohio-3777, ¶ 19; *Hetrick v. Lockwood*, 6th Dist. Sandusky No. S-17-014, 2018-Ohio-118; *J.S. v. D.E*, 7th Dist. Mahoning No. 17 MA 0032, 2017-Ohio-7507; *K.R. v. T.B.*,, 10th Dist. Franklin No. 17AP-302, 2017-Ohio-8647; *Post v. Leopardi*, 11th Dist. Trumbull No. 2019-T-0061, 2020-Ohio-2890.

In contrast, this court has not found the failure to file objections to be jurisdictional. *See, e.g., Fecke v. Sizemore*, 2d Dist. Montgomery No. 28536, 2020-Ohio-2851 (affirming a protection order due to appellant's failure to file objections); *Whatley v. Canales*, 2d Dist. Montgomery No. 28382, 2020-Ohio-213; *Runkle v. Stewart*, 2d Dist. Miami No. 2018-CA-27, 2019-Ohio-2356 (noting that the failure to file objections required dismissal,

but nonetheless affirming the trial court's protection order due to failure to file objections); *Anderson v. Gregory*, 2d Dist. Montgomery No. 28277, 2019-Ohio-2346. *See also Danison v. Blinco*, 3d Dist. Crawford No. 3-18-19, 2019-Ohio-2767. Nevertheless, a party may not challenge the protection order on appeal if objections were not filed. *Id.*

*Florenz v. Omalley*, 2020-Ohio-4487, 158 N.E.3d 1009, ¶ 7-10 (2d Dist.).

{¶ 4} As this Court noted in *Steele v. Steele,* 2d Dist. Champaign No. 2020-CA-3, 2021-Ohio-48, ¶ 3:

> Civ.R. 65.1 is clear that magistrate decisions after a full hearing are not subject to the requirements in Civ.R. 53(D)(2) or (3). *Florenz* at ¶ 12, citing Civ.R. 65.1(F)(3)(b) and *Runkle* at ¶ 7. Further, a protection order "need not comply with Civ.R. 53(D)(3)(a)(iii), which requires a magistrate decision to 'indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, * * * unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).' " *Id.*

{¶ 5} The trial court's entry adopting the magistrate's decision provides: "THIS IS A FINAL APPEALABLE ORDER, AND THERE IS NO JUST REASON FOR DELAY FOR PURPOSES OF CIV.R. 54 PURSUANT TO APP.R. 4. THE PARTIES SHALL FILE A NOTICE OF APPEAL WITHIN (30) DAYS."

{¶ 6} It is clear that in the absence of objections, Cobia may not assign error in the trial court's denial of the petition on appeal. As this Court noted in *Steele*:

> * * * [W]e * * * express concern about the trial court's language in its

protection order, which merely provides that the order is final and appealable, and accordingly suggests that objections are not required. We caution that a trial court's judgment granting or denying a civil protection order should not imply that objections are unnecessary or optional. The final sentence of Civ.R. 65.1(G) provides: "a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections." We are concerned that the court partially advised the parties that the protection order was final and appealable, but failed to fully advise them that objections are nevertheless required. As we noted in *Florenz*, the court is obligated to provide complete and accurate information.

*Id.* at ¶ 7.

{¶ 7} Based upon the forgoing, the order of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Ray Cobia
Mark Mays
Hon. Mary Katherine Huffman