**[Cite as *Boggs v. Calaway*, 2021-Ohio-2528.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| BRITTANI BOGGS | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-38 |
| | : | |
| v. | : | Trial Court Case No. 2020-DR-195 |
| | : | |
| FRANCISCO CALAWAY | : | (Domestic Relations Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of July, 2021.

. . . . . . . . . . .

LISON BOGGS, Atty. Reg. No. 0055841, P.O. Box 53, Marysville, Ohio 43040
    Attorney for Plaintiff-Appellee

MARC S. TRIPLETT, Atty. Reg. No. 0021222 & TINA M. MCFALL, Atty. Reg. No.
0082586, 332 South Main Street, Bellefontaine, Ohio 43311
    Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Francisco Calaway appeals from the trial court's order granting a petition for a domestic violence civil protection order filed by Brittani Boggs, the mother of Calaway's minor child. Calaway cannot challenge on appeal the trial court's grant of the order because he failed to file objections in the trial court, as required by Civ.R. 65.1. As such, the judgment of the trial court is affirmed.

{¶ 2} In *Florenz v. Omalley*, 2020-Ohio-4487, 158 N.E.3d 1009, ¶ 7-10 (2d Dist.), we stated:

"When a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." Civ.R. 65.1(F)(3)(c)(ii). "[T]he magistrate's grant or denial of a protection order after a full hearing is not effective until adopted by the court." *Heimann v. Heekin*, 1st Dist. Hamilton No. C-130613, 2014-Ohio-4276, ¶ 7, citing Civ.R. 65.1(F)(3)(c). A trial court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing becomes effective when it is signed by the court and filed with the clerk. Civ.R. 65.1(F)(3)(c)(v).

Pursuant to Civ.R. 65.1(G), a trial court's decision to adopt a magistrate's decision that grants or denies a [civil protection order] is a final, appealable order. However, as of July 1, 2016, the rule requires a party to file timely objections to the trial court's order prior to filing an appeal. *See*

Civ.R. 65.1(G). Written objections must be filed within 14 days of the filing of the trial court's order. Civ.R. 65.1(F)(3)(d)(i).

Since the July 1, 2016 changes to Civ.R. 65.1(G), several appellate districts have held that an appeal must be dismissed if timely objections were not filed. *See, e.g., Casto v. Lehr*, 5th Dist. Tuscarawas No. 2020 AP 02 0002, 2020-Ohio-3777, ¶ 19; *Hetrick v. Lockwood*, 6th Dist. Sandusky No. S-17-014, 2018-Ohio-118; *J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017-Ohio-7507; *K.R. v. T.B.*, 10th Dist. Franklin No. 17AP-302, 2017-Ohio-8647; *Post v. Leopardi*, 11th Dist. Trumbull No. 2019-T-0061, 2020-Ohio-2890.

In contrast, this court has not found the failure to file objections to be jurisdictional. *See, e.g., Fecke v. Sizemore*, 2d Dist. Montgomery No. 28536, 2020-Ohio-2851 (affirming a protection order due to appellant's failure to file objections); *Whatley v. Canales*, 2d Dist. Montgomery No. 28382, 2020-Ohio-213; *Runkle v. Stewart*, 2d Dist. Miami No. 2018-CA-27, 2019-Ohio 2356 (noting that the failure to file objections required dismissal, but nonetheless affirming the trial court's protection order due to failure to file objections); *Anderson v. Gregory*, 2d Dist. Montgomery No. 28277, 2019-Ohio-2346. *See also Danison v. Blinco*, 3d Dist. Crawford No. 3-18-19, 2019-Ohio-2767. Nevertheless, a party may not challenge the protection order on appeal if objections were not filed. *Id.*

*Id.* at ¶ 7-10. *See also Steele v. Steele*, 2d Dist. Champaign No. 2020-CA-3, 2021-Ohio-148, ¶ 2.

**{¶ 3}** This Court further noted:

Civ.R. 65.1 is clear that magistrate decisions after a full hearing are not subject to the requirements in Civ.R. 53(D)(2) or (3). *Florenz* at ¶ 12, citing Civ.R. 65.1(F)(3)(b) and *Runkle* at ¶ 7. Further, a protection order "need not comply with Civ.R. 53(D)(3)(a)(iii), which requires a magistrate decision to 'indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, * * * unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).' " *Id.*

*Steele* at ¶ 3.

**{¶ 4}** In the absence of objections, Calaway may not challenge the trial court's decision to grant a protection order on appeal. Finally, as this Court noted in *Steele*:

* * * [W]e again express concern about the trial court's language in its protection order, which merely provides that the order is final and appealable, and accordingly suggests that objections are not required. We caution that a trial court's judgment granting or denying a civil protection order should not imply that objections are unnecessary or optional. The final sentence of Civ.R. 65.1(G) provides: "a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections." * * *

Finally, we note that pursuant to R.C. 3113.31, either party may move to modify or terminate a civil protection order. R.C. 3113.31(E)(8)(b)

provides:

> * * * The moving party has the burden of proof to show, by a preponderance of the evidence, that modification or termination of the protection order or consent agreement is appropriate because either the protection order or consent agreement is no longer needed or because the terms of the original protection order or consent agreement are no longer appropriate.
>
> "When ruling on a motion to terminate a [civil protection order], a trial court must consider 'all relevant factors,' including the factors identified in R.C. 3113.31(E)(8)(c)." *Brown v. Naff*, 2d Dist. Miami No. 2011-CA-17, 2012-Ohio-1770, ¶ 10.

*Steele* at ¶ 7-8.

{¶ 5} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Alison Boggs
Marc S. Triplett
Tina M. McFall
Hon. Lori L. Reisinger