[Cite as *P.F. v. A.H.*, 2024-Ohio-2649.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| P.F. | : | |
| Appellee | : | C.A. No. 29993 |
| | : | |
| v. | : | Trial Court Case No. 2023 CV 05475 |
| | : | |
| A.H. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on July 12, 2024

. . . . . . . . . . .

A.H., Pro Se Appellant

P.F., Pro Se Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Appellant-Respondent A.H. appeals from a judgment of the Montgomery County Court of Common Pleas, which granted Appellee-Petitioner P.F. a civil stalking protection order against her. For the reasons that follow, the judgment of the trial court

will be affirmed.

## I.    Facts and Procedural History

{¶ 2} After an evidentiary hearing before a magistrate on October 31, 2023, Petitioner was granted a civil stalking protection order against Respondent. No transcripts of the proceedings were provided to this Court, but according to the magistrate's findings, Petitioner was in a romantic relationship with Respondent's ex-girlfriend and, as a result, Respondent began writing a barrage of social media posts that painted Petitioner in a negative light, repeatedly calling Petitioner, and appearing at her place of employment. The magistrate believed that Respondent's "obsession with her ex-girlfriend ha[d] now transferred to" Petitioner, and the magistrate found that Respondent's actions necessitated the issuing of a civil stalking protection order. The trial court adopted the order, and it went into effect on November 14, 2023. Respondent did not file any objections in the trial court but has filed a timely appeal.

## II.    Civil Stalking Protection Orders

{¶ 3} Respondent appeals pro se, and her filing is irregular. It does not conform to App.R. 16 or our local rules for formatting, but we recognize that she takes issue with the magistrate's handling of evidentiary matters and discovery. She contends that she was not given an opportunity to view potential evidence against her before the hearing and asserts that the evidence presented was inadmissible. She also appears to raise a manifest weight of the evidence argument. Notwithstanding the deficiencies of her brief, we will address Respondent's concerns to the proper extent.

{¶ 4} Pursuant to R.C. 2903.214, persons may seek protection orders against any

other person who is over the age of 18 and has engaged in a violation of R.C. 2903.211 (menacing by stalking). Among other things, menacing by stalking includes "engaging in a pattern of conduct" that knowingly causes another to "believe that the offender will cause physical harm to the other person or a family or household member of the other person or cause mental distress to the other person or a family or household member of the other person." R.C. 2903.211(A).

{¶ 5} Civil stalking protection orders are governed by Civ.R. 65.1. As pertinent here, the Rule states that "[w]hen a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." Civ.R. 65.1(F)(3)(c)(ii). If a party disagrees with the result, he or she "must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections." Civ.R. 65.1(G).

{¶ 6} This Court has held that written objections to the trial court's decision are mandatory for consideration on appeal. *Curry v. Bettison*, 2023-Ohio-1911, 216 N.E.3d 797, ¶ 67 (2d Dist.) (where litigants fail to comply with Civ.R. 65.1(G)'s requirement of filing objections, they cannot challenge the trial court's decision on appeal); *Anderson v. Gregory,* 2d Dist. Montgomery No. 28277, 2019-Ohio-2346; *Cobia v. Mays*, 2d Dist. Montgomery No. 28862, 2021-Ohio-863, ¶ 6 ("It is clear that in the absence of objections, [Appellant] may not assign error in the trial court's denial of the petition on appeal.").

Accordingly, because Respondent failed to file objections with the trial court prior to her appeal, we cannot consider her assignments of error. Not having filed objections below, she is not permitted to appeal the trial court's decision. Respondent's assignments of error, to the extent that they exist, are overruled.

### III. Conclusion

{¶ 7} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.