[Cite as *J.S. v. D.E.*, 2017-Ohio-7507.]

STATE OF OHIO MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| J.S., | ) | |
| | ) | |
| PETITIONER-APPELLEE, | ) | |
| | ) | CASE NO. 17 MA 0032 |
| V. | ) | |
| | ) | OPINION |
| D.E., | ) | |
| | ) | |
| RESPONDENT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Court of Common Pleas of Mahoning County, Ohio
Case No. 16 CV 3475

JUDGMENT:      Dismissed

APPEARANCES:
For Petitioner-Appellee      J.S., *pro-se*


For Respondent-Appellant      D.E., *pro-se*


JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: August 28, 2017

ROBB, J.

**{¶1}** Respondent-Appellant D.E. appeals the decision of the Mahoning County Common Pleas Court adopting the magistrate's decision granting a civil stalking protection order to Petitioner J.S. with D.B. listed as an additional person protected by the order. Appellant argues the court erred in granting the protection order, claiming Petitioner was not a family or household member of the additional person protected by the order. However, Appellant's untimely and general objection failed to carry the burden imposed by the rule, and no transcript was ordered to clarify the relationship between Petitioner and the additional protected person. In any event, Civ.R. 65.1(G) requires a party to file timely objections to the trial court's adoption of the magistrate's granting of the protection order prior to filing an appeal. As Appellant failed to file timely objections as required by the rule, this appeal is dismissed.

STATEMENT OF THE CASE

**{¶2}** On December 30, 2016, Petitioner filed a petition for a civil stalking protection order against Appellant. On the required petition form, he named himself "on behalf of Deometric Brown" as the petitioner. In describing the conduct at issue, the petition alleged: "Resident's girlfriend is trying to feed the patient that is ordered not to have food by mouth. [Appellant] feeds this patient without regard to his personal safety." An ex parte hearing was held on January 3, 2017, and an ex parte civil stalking protection order was issued by the magistrate against Appellant the same day. Appellant was personally served with the ex parte protection order and appeared for the hearing before the magistrate on January 19, 2017.

**{¶3}** The magistrate granted the civil stalking protection order after the full hearing, and upon the trial court's adoption of the order, it was filed on January 20, 2017. Under the heading of persons protected by the order, the space for the petitioner contained Petitioner's name and the space for "Petitioner's Family or Household Members" contained, "[D.B.] (as resident of medical care facility)." Appellant was ordered to stay at least 500 feet away from Petitioner and all other protected persons named in the order, effective until March 1, 2018. The court

checked the box finding, "1) the Respondent has knowingly engaged in a pattern of conduct that caused Petitioner to believe that the Respondent will cause physical harm or cause or has caused mental distress; and 2) the following orders are equitable, fair, and necessary to protect the persons named in this Order from stalking offenses."

**{¶4}** The clerk noted service of the protection order in the docket on Tuesday, January 24, 2017. Thus, service was noted in the docket within three weekdays. *See* Civ.R. 6(A) (weekends not included); Civ.R. 58(B) (clerk to note service in docket within three days); Civ.R. 65.1(C)(3) (service in accordance with Civ.R. 5(B), which includes service being complete upon mailing). On February 14, 2017, Appellant filed a letter, which spoke of various items she did not wish to waive[1] and which voiced a general objection to the protection order without specifying any grounds. On February 24, 2017, the trial court overruled the objection as untimely filed.

**{¶5}** In the meantime, on February 17, 2017, Appellant filed a notice of appeal from the January 20, 2017 civil stalking protection order. Appellant filed her brief pro se.

<u>ARGUMENT</u>

**{¶6}** Appellant's sole argument on appeal revolves around the following claim: "the trial court erred by granting this protection order to petitioner on behalf of Third Party who is not related to him nor is a member of his household." Appellant notes a magistrate's granting of a protection order after a full hearing shall comply with statutory requirements relating to such orders. *See* Civ.R. 65.1(F)(3)(c)(i). The civil stalking protection order was issued under R.C. 2903.214, which cites R.C. 3113.31 for the definition of family or household member. *See* R.C. 2903.214(A)(3).

**{¶7}** Pursuant to R.C. 2903.214(C)(1), the petition shall contain an allegation

---

[1] This part of Appellant's letter tracked the language at the end of Form 10.03-F Civil Stalking Protection Order, which is for use in cases where the respondent decides to waive the right to a full hearing. As this case proceeded to a full hearing, this portion of the form order was left blank by the court.

the respondent engaged in a violation of R.C. 2903.211 against the person to be protected. R.C. 2903.211 is the statute defining menacing by stalking. For instance, "No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or a family or household member of the other person or cause mental distress to the other person or a family or household member of the other person." R.C. 2903.211(A)(1). The menacing by stalking statute defines family or household member as:

> (a) Any of the following who is residing or has resided with the person against whom the act prohibited in division (A)(1) of this section is committed:
>
> (i) A spouse, a person living as a spouse, or a former spouse of the person;
>
> (ii) A parent, a foster parent, or a child of the person, or another person related by consanguinity or affinity to the person;
>
> (iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the person, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the person.
>
> (b) The natural parent of any child of whom the person against whom the act prohibited in division (A)(1) of this section is committed is the other natural parent or is the putative other natural parent.

R.C. 2903.211(D)(11).

{¶8} The corresponding civil stalking protection order statute states: "A person may seek relief under this section for the person, or any parent or adult household member may seek relief under this section on behalf of any other family or household member, by filing a petition with the court." R.C. 2903.214(C). "As used in this section: * * * 'Family or household member' has the same meaning as in section 3113.31 of the Revised Code." R.C. 2903.214(A)(3). The cited statute,

defines family or household member as follows:

> (a) Any of the following who is residing with or has resided with the respondent:
>
> (i) A spouse, a person living as a spouse, or a former spouse of the respondent;
>
> (ii) A parent, a foster parent, or a child of the respondent, or another person related by consanguinity or affinity to the respondent;
>
> (iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the respondent, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the respondent.
>
> (b) The natural parent of any child of whom the respondent is the other natural parent or is the putative other natural parent.

R.C. 3113.31(A)(3) (with wording is tailored to domestic violence protection orders).

**{¶9}** Appellant concludes Petitioner did not demonstrate he was permitted to obtain a civil stalking protection order which protected D.B. However, there are various barriers to our review.

## PROCEDURAL ISSUES

**{¶10}** Appellant's brief sets forth factual allegations that are unsupported by a transcript of proceedings or a proper substitute. For instance, she states Petitioner "was giving my fiancée Oxycodone and Blood pressure medication at the [medical facility]. This was clearly a violation of my fiancée's rights since he did not consent to take this medication. And since my fiancée could not speak for himself, I spoke up for him. In retaliation [Petitioner] banned me from this facility and filed this CPO to keep me away from my fiancée." She also states, "[D.B.] is not a member of the petitioner's family or household member."

**{¶11}** We note the petition for a civil stalking protection order listed the

petitioner as "[J.S.] *on behalf of* [D.B.]" (emphasis added).[2]  Appellant's February 17, 2017 docketing statement claimed Petitioner "is not guardian to" D.B. and her March 27, 2017 docketing statement stated Petitioner "does not have guardianship, legal custody of" D.B.  Docketing statements are not a substitute for briefing, and the briefs do not reiterate these allegations.  In any event, dispositive factual statements in a brief must be supported by a transcript or proper substitute if no transcript is available.  *See, e.g.,* App.R. 9; Civ.R. 65.1(F)(3)(d)(iv).  *See also Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.").[3]

**{¶12}** Without a transcript, we cannot discern the relationships involved in this case.  We cannot presume there was insufficient evidence of Petitioner's authority to file the petition on behalf of D.B. or otherwise have him included in the category of protected persons.  The face of the order does establish relationships.  The parenthetical under D.B.'s name in the order "(as resident of medical care facility)" does not require one to conclude there was a lack of evidence to show that D.B. could properly be protected by the order.

[2] Pursuant to Civ.R. 17(A), a guardian can bring an action in his own name as a representative (without joining the party on whose behalf the action was filed).  Furthermore:

> Whenever a minor or incompetent person has a representative, such as a guardian other like fiduciary, the representative may sue or defend on behalf of the minor or incompetent person.  If a minor or incompetent person does not have a duly appointed representative the minor may sue by a next friend or defend by a guardian ad litem. When a minor or incompetent person is not otherwise represented in an action the court shall appoint a guardian ad litem or shall make such other order as it deems proper for the protection of such minor or incompetent person.

Civ.R. 17(B).

[3] It is also noted there is no indication the transcript of proceedings was not available as Appellant's initial praecipe contains the court reporter's acknowledgement stating the transcript was estimated to be 22 pages and would be completed 14 days after receipt of payment.  Appellant subsequently indicated no transcript of proceedings would be filed.  In any event, an alternative to a transcript was not attempted.

{¶13} Moreover, this case was heard by a magistrate, and we are asked to review the trial court's adoption of the magistrate's order. Civ.R. 65.1 applies to civil protection orders. The provisions for issuing and objecting to a magistrate's decision contained in Civ.R. 53(D)(3) are inapplicable. *See* Civ.R. 65.1(F)(3)(b) ("A magistrate's denial or granting of a protection order after full hearing under this division does not constitute a magistrate's order or a magistrate's decision under Civ.R. 53(D)(2) or (3) and is not subject to the requirements of those rules."). *See also* Civ.R. 65.1(F)(3)(c)(iv) (the court's adoption of the magistrate's protection order after a full hearing is not subject to Civ.R. 53(D)(4)(e), which involves a stay of execution upon the filing of timely objections).

{¶14} A magistrate's order granting a protection order after a full hearing is not effective unless adopted by the court. Civ.R. 65.1(F)(3)(c)(i). *See also* Civ.R. 65.1(F)(3)(c)(v) (court's adoption is effective when signed by the court and filed with the clerk). The court may adopt the magistrate's granting (or denying) of the full hearing protection order "upon review of the order and a determination that there is no error or law or other defect evident on the face of the order." Civ.R. 65.1(F)(3)(c)(ii). This review involves a review of the civil protection order signed by the magistrate after the full hearing, i.e., the petition, transcript of proceedings, or other documents are not reviewed by the trial court at this stage. We also note the petition is not evidence at the full hearing, and the court should not consider it in determining whether to grant the order. *Felton v. Felton*, 79 Ohio St.3d 34, 43, 679 N.E.2d 672 (1997).

{¶15} A party may file written objections to the court's adoption of the magistrate's granting of the full hearing protection order within fourteen days of the court's filing of the order. Civ.R. 65.1(F)(3)(d)(i). To be precise, we note the rule does not provide for an objection to the magistrate's decision as in Civ.R. 53, but rather, it provides for an objection to the trial court's decision adopting the magistrate's decision. *See id. See also Insa v. Insa*, 2016-Ohio-7425, 72 N.E.3d 1170, ¶ 26 (2d Dist.) (also observing the rule does not provide for a request for

findings of fact and conclusions of law as does Civ.R. 53). The objection shall not stay execution of the order. Civ.R. 65.1(F)(3)(d)(ii).

> "A party filing objections under this division has the burden of showing that an error of law or other defect is evident on the face of the order, or that the credible evidence of record is insufficient to support the granting or denial of the protection order, or that the magistrate abused the magistrate's discretion in including or failing to include specific terms in the protection order."

Civ.R. 65.1(F)(3)(d)(iii).

{¶16} Where an objection fails to state the grounds for objecting and merely proffers, "I object to the protection order," a respondent will have a difficult time arguing she attempted to meet her burden of showing an error of law or other defect evident on the face of the order, or the evidence was insufficient to support the granting of the protection order, or some other abuse of discretion regarding a term of the order. Furthermore: "Objections based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available." Civ.R. 65.1(F)(3)(d)(iv) (and stating "[t]he objecting party shall file the transcript or affidavit"). Besides the fact that no transcript was provided for this court's review, there was no transcript provided for the trial court's review. It is a party's obligation, not the court's, to order a transcript. The trial court also had no obligation to conduct a review of items in the file, such as the petition or the ex parte order, where the objections do not refer the court to these items. This is inherent in the rule's burden allocation whereby "the party filing objections has the burden of showing" the objection has merit. *See* Civ.R. 65.1(F)(3)(d)(iii).

{¶17} Even more, Appellant's objection was not timely filed. Appellant had fourteen days from the January 20, 2017 civil stalking protection order to file objections. *See* Civ.R. 65.1(F)(3)(d)(i). The letter containing the statement "I object"

was not filed until February 14, 2017. In cases subject to Civ.R. 53, the lack of timely objections is not necessarily fatal to every issue sought to be raised on appeal. For instance, Civ.R. 53(D)(3)(b)(iv) provides for waiver of the right to assign the adoption of factual findings or legal conclusions on appeal in the absence of an objection, but this subdivision is prefaced with, "Except for a claim of plain error * * *." Civ.R. 53(D)(3)(b)(iv). *See also* Civ.R. 53(D)(5) (a party can ask the trial court to allow a reasonable extension of time to file objections to the magistrate's decision if the party shows good cause).

{¶18} However, equivalent provisions are not contained in Civ.R. 65.1. In fact, Civ.R. 65.1(G) prohibits the within appeal due to the failure to file timely objections from the trial court's adoption of the magistrate's granting of the protection order. Civ.R. 65.1(G), citing Civ.R. 65.1(F)(3)(d). This is due to an amendment to the rule, effective July 1, 2016, which specifies "a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal * * *." Civ.R. 65.1(G). In whole, the pertinent division provides:

> (G) **Final order; objections prior to appeal; stay of appeal**
> Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) or division (F)(3)(e) of this rule is a final, appealable order. *However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal,* and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

Civ.R. 65.1(G) (emphasis added). This division formerly read:

> Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) of this rule, *with or without the subsequent filing of objections*, is a final, appealable order *that can be appealed upon issuance of the order.* The timely filing of objections

under division (F)(3)(d) of this rule shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

Former Civ.R. 65.1(G) (emphasis added to words deleted by July 1, 2016 amendment). The deleted portion is telling. It helped to enable the added portion requiring a party to file timely objections to the trial court's adoption of the magistrate's decision on the protection order prior to filing an appeal.

**{¶19}** The former version of the rule provided alternatives: an immediate appeal of the court's adoption of the magistrate's decision on the protection order or the filing of timely objections in the trial court. *Schneider v. Razek*, 2015-Ohio-410, 28 N.E.3d 591, ¶ 31 (8th Dist.), citing 2012 Staff Note to Civ.R. 65.1(F)(3)(d)(i) (stating the objection process is "an alternative to immediate to appeal"). To provide context for the subsequent amendment, we briefly review the pertinent portion of the Eighth District's *Schneider* case. While the prior version of Civ.R. 65.1(G) was in effect, the Eighth District ruled "the filing of a valid notice of appeal trumps the objections, i.e., that the notice of appeal renders the objections that were previously filed under Civ.R. 65.1(F)(3)(d)(i) moot." *Schneider*, 2015-Ohio-410 at ¶ 32. A dissenting judge agreed the rule provided two options (object or appeal), but thought the appellate court should remand for the trial court to rule on the objections. *Id.* at ¶ 77, 82 (Stewart, J., dissenting). The dissent opined the filing of a notice of appeal as the 30-day time period approaches cannot reasonably be considered an abandonment of the previously filed objections, noting "it is not surprising that counsel would, in an abundance of caution, file a notice of appeal in order to preserve the right to appeal even though, as previously mentioned, the timely filing of objections stays the running of the time for appeal until the court rules on the objections." *Id.* at fn.9.

**{¶20}** It appears the July 1, 2016 amendments to Civ.R. 65.1 were made partly in response to the Eighth District's *Schneider* case. For instance, a 2016 Staff Note explains Civ.R. 65.1(F)(3)(e) was "added to address issues discussed in *Schneider v. Razek*, 2015-Ohio-410 (8th Dist.) relating to proceedings on motions for

renewal, contempt, modification, or termination of civil protection orders." Another 2016 Staff Note describes how division (G)'s amendment, requiring objections prior to filing an appeal from a trial court's "otherwise appealable" adoption of the magistrate's ruling, was to afford the trial court an opportunity to review the transcript and to create a more robust record for reviewing courts. The published summary of the July 1, 2016 amendments to the Civil Rules states the following as to Civ.R. 65.1: "The amendments clarify ambiguities regarding objections and appeal of a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing." *See* http://www.supremecourtofohio.gov/ruleamendments/documents/ P%20%20P%20Final%20Rules%20June%2030%202016.pdf.

{¶21} To reiterate, division (G)'s first sentence was amended from stating the court's adoption of the magistrate's granting (or denial) of a civil protection order is a final appealable order that can be appealed upon issuance of the order "with or without the subsequent filing of objections" to stating such order "is a final appealable order. However, a party must timely file objections * * * prior to filing an appeal." Where a civil protection order is issued by a magistrate and made effective due to adoption by the trial court under Civ.R. 65.1(F)(3)(c), the alternative of immediately appealing the protection order without filing timely objections is no longer available after the July 1, 2016 amendments to the rule. In filing objections, the aggrieved party "has the burden of showing that an error of law or other defect is evident on the fact of the order," among other things. Civ.R. 65.1(F)(3)(d)(iii). This is distinct from Civ.R. 53. There is no provision in Civ.R. 65.1 for an appellate court's plain error review in the absence of objections as contained in Civ.R. 53(D)(3)(b)(iv). Instead, Civ.R. 65.1 provides: "a party must file timely objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal * * *." Civ.R. 65.1(G).

{¶22} Division (F)(3)(d) defines timely objections as those "filed within fourteen days of the court's filing of the order." Appellant's letter voicing a general objection was not filed within fourteen days of the court's filing of the civil stalking

protection order. The trial court therefore overruled the objection as untimely. Even if the notice of appeal could be amended to add that judgment (which was not done here), Appellant does not present arguments as to the decision finding the objections untimely. Without a timely-filed objection, Appellant is not permitted to appeal the trial court's adoption of the magistrate's granting of the protection order. Civ.R. 65.1(G).[4] Consequently, this appeal is dismissed.

Donofrio, J., concurs.
Waite. J., concurs.

---

[4] As aforementioned, even if the rule permitted plain error appellate review in the absence of timely objections or a review similar to the former rule, we have not been provided with a transcript in order to ascertain the relationship between Petitioner and D.B.