[Cite as *Becker v. Harnar*, 2020-Ohio-3234.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| GREGORY BECKER, | : | |
| Appellee, | : | CASE NO. CA2019-06-064 |
| | : | O P I N I O N |
| - vs - | | 6/8/2020 |
| | : | |
| TODD HARNAR, | : | |
| Appellant. | : | |


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 19CS3721

Gregory Becker, 580 Lake Front Drive, Lebanon, Ohio 45036, pro se

Rittgers & Rittgers, Attorneys at Law, Neal D. Schuett, 121 West High Street, Oxford, Ohio 45056, for appellant


**RINGLAND, J.**

{¶ 1}　Appellant, Todd Harnar ("Respondent"), appeals a decision of the Warren County Court of Common Pleas granting a civil stalking protection order ("CSPO") against him and in favor of appellee, Gregory Becker ("Petitioner").　For the reasons detailed below, we affirm.

{¶ 2}　Respondent and Petitioner are former neighbors who have had a contentious

history between themselves involving harassing and bullying behavior. At some point, Respondent moved to a new home, away from Petitioner, but still in the same community. The dispute settled for a period, but it later revivified.

{¶ 3} Petitioner filed a petition for a CSPO against Respondent alleging that Respondent had been driving past his house repeatedly and described a series of unwanted and threatening interactions he had with him. The matter was initially heard by the magistrate who did not issue an ex parte order. The matter was then set for a full hearing.

{¶ 4} At the hearing, the parties presented testimony regarding their respective positions. Both parties acknowledged the dispute, but each alleged that he was the victim of the purported bullying and harassing behavior. Following the hearing, the magistrate granted the CSPO under R.C. 2903.214 against Respondent and in favor of Petitioner. The final protection order was signed by the trial court. Respondent now appeals, raising one assignment of error for review:

{¶ 5} THE TRIAL COURT ERRED WHEN IT GRANTED MR. BECKER'S REQUEST FOR A CIVIL PROTECTION ORDER.

{¶ 6} In his sole assignment of error, Respondent alleges the trial court erred by granting the CSPO. However, review of the record reveals that Respondent failed to raise objections below, an error fatal to his claim on appeal.

{¶ 7} Civ.R. 65.1 governs civil protection orders. Civ.R. 65.1(F)(3) provides that civil protection petitions may be referred to a magistrate for determination, but "[a] magistrate's denial or granting of a protection order after full hearing * * * does not constitute a magistrate's order or a magistrate's decision under Civ.R. 53(D)(2) or (3) and is not subject to the requirements of those rules." Civ.R. 65.1(F)(3)(b).

{¶ 8} A magistrate's order granting a protection order after a full hearing is not

effective unless adopted by the trial court. Civ.R. 65.1(F)(3)(c)(i). "A trial court may only adopt the magistrate's grant or denial of a protection order 'upon review of the order and a determination that there is no error of law or other defect evident on the face of the order.'" *Pinkston v. White*, 12th Dist. Butler No. CA2019-06-094, 2019-Ohio-5165, ¶ 12, quoting Civ.R. 65.1(F)(3)(c)(ii). A party may then file written objections "to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing * * * within fourteen days of the court's filing of the order." Civ.R. 65.1(F)(3)(d)(i). A party *must* timely file objections prior to filing an appeal. Civ.R. 65.1(G) (Emphasis added).

{¶ 9} The objecting party "has the burden of showing that an error of law or other defect is evident on the face of the order, or that the credible evidence of record is insufficient to support the granting or denial of the protection order, or that the magistrate abused the magistrate's discretion in including or failing to include specific terms in the protection order." Civ.R. 65.1(F)(3)(d)(iii). "Objections based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available." Civ.R. 65.1(F)(3)(d)(iv).

{¶ 10} This rule is distinct from Civ.R. 53. Under Civ.R. 65.1 there is no provision for an appellate court's plain error review in the absence of objections as contained in Civ.R. 53(D)(3)(b)(iv). Instead, Civ.R. 65.1 provides: "a party must file timely objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal * * *." Civ.R. 65.1(G).

{¶ 11} The mandatory nature of filing objections under Civ.R. 65.1 is due to an amendment to the rule, effective July 1, 2016. The former version of the rule provided an alternative of either seeking an immediate appeal of the adoption of the magistrate's decision or the filing of timely objections in the trial court. *J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017-Ohio-7507, ¶ 19. The amendment altered the rule to require the

filing of objections prior to filing an appeal. *Id.* at ¶ 21. The 2016 Staff Notes explain the amendment to Civ.R. 65.1(G) was grounded on two key principles:

> First, it promotes the fair administration of justice, including affording the trial court an opportunity to review the transcript and address any insufficiency of evidence or abuse of discretion that would render the order or a term of the order unjust. Second, it creates a more robust record upon which the appeal may proceed.

Civ.R. 65.1 (Staff Notes). The amendment has been acknowledged by this court and applied in other appellate courts in this state. *Pinkston*, 2019-Ohio-5165 at ¶ 12; *J.S.* at ¶ 22; *Anderson v. Gregory*, 2d Dist. Montgomery No. 28277, 2019-Ohio-2346, ¶ 9.

{¶ 12} Without filing timely objections in the trial court, Respondent is not permitted to appeal the trial court's adoption of the magistrate's decision granting of the final civil stalking protection order against him. Accordingly, the judgment of the trial court is affirmed.

{¶ 13} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.