[Cite as *Moyer v. Robinson*, 2023-Ohio-764.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

CHRISTY MOYER,

Petitioner-Appellee,

- v -

JASON ROBINSON,

Respondent-Appellant.

CASE NO. 2022-L-043

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2021 CS 001336

### O P I N I O N

Decided: March 13, 2023
Judgment: Affirmed

*Christy Moyer*, pro se, c/o Timothy H. Snyder, Esq. (Agent for service only), P.O. Box 386, Burton, OH 44021 (Petitioner-Appellee).

*Jason Robinson*, pro se, 103 Long Hollow Drive, Etna, OH 43062 (Respondent-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Jason Robinson ("Mr. Robinson"), appeals the judgment of the Lake County Court of Common Pleas adopting the magistrate's granting of a civil stalking protection order ("CSPO") against him and in favor of appellee, Christy Moyer ("Ms. Moyer"), and her two minor children.

{¶2} Mr. Robinson raises eight assignments of error, which we review collectively and out of order.

{¶3} In his first and second assignments of error, Mr. Robinson contends that the magistrate erred by failing to disclose that he would be taking an extended leave of

absence, thereby denying Mr. Robinson his right to object to proceeding with the CSPO hearing.

{¶4} In his seventh assignment of error, Mr. Robinson contends that the magistrate improperly led Ms. Moyer's testimony during the CSPO hearing, which resulted in her providing answers that she may not have otherwise provided.

{¶5} In his third, fourth, fifth, sixth and eighth assignments of error, Mr. Robinson challenges the magistrate's factual findings following the CSPO hearing.

{¶6} After a careful review of the record and pertinent law, we find as follows:

{¶7} (1) With respect to his first and second assignments of error, Mr. Robinson fails to cite any legal authority that would support a finding that the magistrate's alleged actions constituted prejudicial error that would require reversal of the CSPO. Thus, he has failed to affirmatively demonstrate error on appeal.

{¶8} (2) With respect to his seventh assignment of error, Mr. Robinson did not raise this argument in his objections below, nor did he file a transcript of the proceedings before the magistrate in support of his objections. He also does not assert a claim of plain error on appeal. Because this court cannot consider the transcript Mr. Robinson filed with the record on appeal, Mr. Robinson cannot demonstrate error.

{¶9} (3) With respect to his third, fourth, fifth, sixth and eighth assignments of error, since Mr. Robinson failed to file a transcript of the proceedings before the magistrate with his objections in accordance with Civ.R. 65.1(F)(3)(d)(iv), he is prohibited from challenging the magistrate's factual findings on appeal.

{¶10} Thus, we affirm the judgment of the Lake County Court of Common Pleas.

2

Case No. 2022-L-043

## Substantive and Procedural History

{¶11}   Ms. Moyer and Mr. Robinson are cousins.  At all relevant times, Ms. Moyer resided with her two minor children in Lake County, Ohio, while Mr. Robinson resided near Columbus.

{¶12}   According to Ms. Moyer, she and her children maintained a close friendship with Mr. Robinson for a period of time.  In October 2021, Ms. Moyer told him to stay away and leave her family alone due to his actions and behavior.  Despite this request, Mr. Robinson proceeded to text and call Ms. Moyer over one hundred times.

{¶13}   On November 8, 2021, Ms. Moyer was cleaning her windows and observed Mr. Robinson pull his vehicle into the parking lot of her residence, despite the fact that he lived a couple of hours away.  As soon as their eyes met, Mr. Robinson fled.  Ms. Moyer alleged that Mr. Robinson's actions caused her and her children mental distress.

{¶14}   On November 12, 2021, Ms. Moyer filed a pro se petition in the Lake County Court of Common Pleas requesting a CSPO pursuant to R.C. 2903.214 in favor of herself and her children.  The magistrate granted Ms. Moyer an ex parte CSPO, effective until February 12, 2022.  The trial court scheduled an evidentiary hearing for November 30, 2021.  The clerk of courts issued service to Mr. Robinson.  Both parties appeared and testified at the CSPO hearing.

{¶15}   On February 11, 2022, the magistrate filed an order extending the ex parte CSPO until March 1, 2022, so that he could finish writing his decision.  On March 1, 2022, the magistrate filed another order extending the ex parte CSPO until March 11, 2022, for the same reason.

{¶16}   On March 10, 2022, the magistrate filed a decision finding that Ms. Moyer proved, by a preponderance of the evidence, that Mr. Robinson engaged in menacing by

3

stalking. The magistrate found that Ms. Moyer was "credible and sincere throughout" the full hearing; that Mr. Robinson was "not credible"; and that "his testimony lacked consistency and failed to fully explain the circumstances." The magistrate granted a CSPO in favor of Ms. Moyer and her children and against Mr. Robinson, effective until March 1, 2025. On the same date, the trial court filed a judgment entry adopting the magistrate's decision and granting the CSPO in accordance with the magistrate's recommendations.

{¶17} On March 23, 2022, Mr. Robinson filed written objections along with documentation. He did not file a transcript of the evidence submitted to the magistrate or an affidavit of that evidence pursuant to Civ.R. 65.1(F)(3)(d)(iv). On April 18, 2022, the trial court filed a judgment entry overruling Mr. Robinson's objections.[1]

{¶18} Mr. Robinson filed a notice of appeal and subsequently ordered a copy of the transcript of proceedings held before the magistrate, which the court reporter prepared and filed. He asserts the following eight assignments of error:

{¶19} "[1.] THE COURT OF COMMON PLEAS LAKE COUNTY SPECIFICALLY [the magistrate] and [the trial court judge] court committed prejudicial error in granting plaintiff-appellees', CHRISTY MOYER and children [names redacted], motion for summary judgment based upon its opinion that R.C. 2903.214 was warranted. [The magistrate] made a critical error in turn denying defendant Jason A. Robinson his right to object by not disclosing critical information that [the magistrate] would be taking an extended medical leave absence that the defendant would have objected to prior to asking the defendant if he was ready to proceed with the hearing?

---

1. The trial court expressly noted that the magistrate erroneously listed November 8, 2021, rather than November 12 as the date Ms. Moyer filed her petition but found it had no substantive impact.

4

Case No. 2022-L-043

{¶20} "[2.] THE COURT OF COMMON PLEAS LAKE COUNTY SPECIFICALLY [the magistrate] and [the trial court judge] court committed prejudicial error in granting plaintiff-appellees', CHRISTY MOYER and children [names redacted], motion for summary judgment based upon its opinion that R.C. 2903.214 was warranted. Did [the magistrate] deny the defendant Jason A. Robinson his right to object to the fact that [the magistrate] would not make his recommendations to [the trial judge] until after taking an extended medical leave of absence until his return in mid January of 2020?

{¶21} "[3.] THE COURT OF COMMON PLEAS LAKE COUNTY SPECIFICALLY [the magistrate] and [the trial court judge] court committed prejudicial error in granting plaintiff-appellees', CHRISTY MOYER and children [names redacted], motion for summary judgment based upon its opinion that R.C. 2903.214 was warranted. Did [the magistrate] provide [the trial judge] factual information in his Facts and Findings that [the trial judge] signed off granting the CPSO?

{¶22} "[4.] THE COURT OF COMMON PLEAS LAKE COUNTY SPECIFICALLY [the magistrate] and [the trial court judge] court committed prejudicial error in granting plaintiff-appellees', CHRISTY MOYER and children [names redacted], motion for summary judgment based upon its opinion that R.C. 2903.214 was warranted. Did [the magistrate] make errors in his facts and findings because he did not review the case and make his recommendations to [the trial judge] upon his return in mid January as he stated he would?

{¶23} "[5.] THE COURT OF COMMON PLEAS LAKE COUNTY SPECIFICALLY [the magistrate] and [the trial court judge] court committed prejudicial error in granting plaintiff-appellees', CHRISTY MOYER and children [names redacted], motion for summary judgment based upon its opinion that R.C. 2903.214 was warranted. * * * How

5

Case No. 2022-L-043

could the defendant have been at the Plaintiff's residence when the proof shows he was in Columbus when the plaintiff says she saw him?

{¶24} "[6.] THE COURT OF COMMON PLEAS LAKE COUNTY SPECIFICALLY [the magistrate] and [the trial court judge] court committed prejudicial error in granting plaintiff-appellees', CHRISTY MOYER and children [names redacted], motion for summary judgment based upon its opinion that R.C. 2903.214 was warranted. Did the Plaintiff lie about seeing the defendant at her residence on November 8th 2021?

{¶25} "[7.] THE COURT OF COMMON PLEAS LAKE COUNTY SPECIFICALLY [the magistrate] and [the trial court judge] court committed prejudicial error in granting plaintiff-appellees', CHRISTY MOYER and children [names redacted], motion for summary judgment based upon its opinion that R.C. 2903.214 was warranted. Did [the magistrate] lead the Plaintiff in his line of questioning during her testimony to allow her to provide answers that she may not have provided on her own?

{¶26} "[8.] THE COURT OF COMMON PLEAS LAKE COUNTY SPECIFICALLY [the magistrate] and [the trial court judge] court committed prejudicial error in granting plaintiff-appellees', CHRISTY MOYER and children [names redacted], motion for summary judgment based upon its opinion that R.C. 2903.214 was warranted. Did [the magistrate] and [the trial court] overlook the evidence the plaintiff submitted supporting her testimony that her male friend answered one of the restricted calls which the plaintiff says the defendant identifies himself as the caller of the restricted calls?" [Sic throughout.]

{¶27} Ms. Moyer did not file an appellee's brief.

## CSPO Proceedings

{¶28} We begin by summarizing the nature of the underlying proceedings. Pursuant to R.C. 2903.214(C)(1), a person may seek a protection order based upon an

6

"allegation that the respondent * * * engaged in a violation of [R.C. 2903.211, i.e., menacing by stalking] against the person to be protected by the protection order * * *." R.C. 2903.211, in turn, provides, "No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or a family or household member of the other person or cause mental distress to the other person or a family or household member of the other person * * *." R.C. 2903.211(A)(1). A "pattern of conduct" means "two or more actions or incidents closely related in time * * *." R.C. 2903.211(D)(1). The petitioner must demonstrate, by a preponderance of the evidence, that he or she is entitled to a CSPO. *Cooper v. Manta*, 11th Dist. Lake No. 2011-L-035, 2012-Ohio-867, ¶ 30.

{¶29} The proceedings for granting a CSPO are governed by Civ.R. 65.1. *Post v. Leopardi*, 11th Dist. Trumbull No. 2019-T-0061, 2020-Ohio-2890, ¶ 10. A trial court may refer CSPO proceedings to a magistrate. Civ.R. 65.1(F)(1). When a petitioner requests an ex parte CSPO, the magistrate shall conduct the ex parte hearing and, upon conclusion of the hearing, deny or grant an ex parte CSPO. Civ.R. 65.1(F)(2)(a). The magistrate shall then conduct a full hearing and, upon conclusion of the hearing, deny or grant a protection order. Civ.R. 65.1(F)(3)(a).

{¶30} The trial court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on its face. Civ.R. 65.1(F)(3)(c)(ii). The trial court may also modify or reject the magistrate's order. Civ.R. 65.1(F)(3)(c)(iii). The trial court's adoption, modification, or rejection shall be effective when signed and filed with the clerk. Civ.R. 65.1(F)(3)(c)(v).

7

Case No. 2022-L-043

**{¶31}** A party may file written objections to the trial court's adoption, modification, or rejection, or any terms of the protection order, within fourteen days of the court's filing of the order. Civ.R. 65.1(F)(3)(d)(i). The party filing objections has the burden of showing that an error of law or other defect is evident on the face of the order, or that the credible evidence of record is insufficient to support the granting or denial of the protection order, or that the magistrate abused the magistrate's discretion in including or failing to include specific terms in the protection order. Civ.R. 65.1(F)(3)(d)(iii).

**{¶32}** Objections based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available. Civ.R. 65.1(F)(3)(d)(iv). The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. *Id.* If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections. *Id.*

**{¶33}** With the above legal requirements in mind, we address Mr. Robinson's assignments of error. For ease of discussion, we do so collectively and out of order.

### Right to Object

**{¶34}** We collectively address Mr. Robinson's first and second assignments of error.

**{¶35}** In both, Mr. Robinson contends that the magistrate erred by denying his right to object to proceeding with the CSPO hearing. According to Mr. Robinson, the magistrate did not disclose that he would be taking an extended leave of absence and that he would not issue a decision until after his return.

8

{¶36} Mr. Robinson fails to cite any legal authority that would support a finding that the magistrate's alleged actions constituted prejudicial error that would require reversal of the CSPO. An appellant carries the burden of affirmatively demonstrating error on appeal. *See* App.R. 9 and App.R. 16(A)(7); *State ex rel. Fulton v. Halliday*, 142 Ohio St. 548, 549, 53 N.E.2d 521 (1944). "'If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out.'" *Lloyd v. Thornsberry*, 11th Dist. Portage No. 2017-P-0029, 2018-Ohio-2893, ¶ 15, quoting *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Although Mr. Robinson is a pro se civil litigant, he is bound by the same rules and procedures as litigants who retain counsel. *Id.* at ¶ 16.

{¶37} Mr. Robinson further contends that the magistrate's delays resulted in his issuance of incorrect factual findings. To the extent Mr. Robinson is challenging the magistrate's factual findings, we address that issue below.

{¶38} Accordingly, Mr. Robinson's first and second assignments of error are without merit.

**Witness Questioning**

{¶39} We next address Mr. Robinson's seventh assignment of error.

{¶40} Mr. Robinson contends that the magistrate improperly led Ms. Moyer's testimony during the CSPO hearing, which resulted in her providing answers that she may not have otherwise provided.

{¶41} Mr. Robinson did not raise this argument in his objections below. There is no provision in Civ.R. 65.1 authorizing an appellate court to review for plain error in the absence of a specific objection, as there is in Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual

9

Case No. 2022-L-043

finding or legal conclusion * * * unless the party has objected to that finding or conclusion * * *"). *See J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017-Ohio-7507, ¶ 21.

{¶42} Even if we had such authority, however, Mr. Robinson does not assert a claim of plain error on appeal. "Where the appellant in a civil case does not properly invoke the plain-error doctrine, it cannot meet its burden on appeal and [a reviewing court] will not sua sponte undertake a plain-error analysis on its behalf." *Cable Busters, LLC v. Mosley*, 1st Dist. Hamilton No. C-190364, 2020-Ohio-3442, ¶ 8.

{¶43} Further, even if we reached the merits of Mr. Robinson's argument, our review would be fatally limited. When the trial court ruled on his objections, Mr. Robinson had not complied with Civ.R. 65.1(F)(3)(d)(iv) by filing a transcript or affidavit regarding the evidence or by obtaining leave to supplement his objections after a transcript was prepared. As one court has aptly explained, "[i]n applying the analogous transcript requirement found in Civ.R. 53(D)(3)(b)(iii), [courts have] held that if the transcript is later submitted with the record on appeal, it may not be considered because the appellate court's review is limited to the evidence before the trial court. * * * We see no reason why the rule would not apply with equal force to an appellant's analogous duty under Civ.R. 65.1(F)(3)(d)(iv) to provide the trial court with the transcript of the proceedings in support of his objections * * *." *J.S. v. D.L.*, 2018-Ohio-4775, 125 N.E.3d 216, ¶ 9 (8th Dist.). "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus.

{¶44} Because this court cannot consider the transcript Mr. Robinson filed with the record on appeal, Mr. Robinson cannot demonstrate error with respect to the magistrate's questioning of Ms. Moyer.

10

{¶45} Accordingly, Mr. Robinson's seventh assignment of error is without merit.

## Factual Findings

{¶46} Finally, we collectively address Mr. Robinson's third, fourth, fifth, sixth, and eighth assignments of error, where he challenges the magistrate's factual findings.

{¶47} Mr. Robinson contends that the magistrate's factual findings contained errors (third and fourth assigned errors); that the evidence shows he was in Columbus at the time Ms. Moyer allegedly saw him at her residence (fifth assigned error); that Ms. Moyer lied about seeing him at her residence (sixth assigned error); and that the trial court overlooked certain evidence (eighth assigned error).

{¶48} Courts have held that an appellant is prohibited from challenging the magistrate's factual findings unless the appellant files a transcript of the magistrate's hearing with the trial court with his or her objections in accordance with Civ.R. 65.1(F)(3)(d)(iv). *See J.S.*, *supra*, at ¶ 10; *see also Slepsky v. Slepsky*, 11th Dist. Lake No. 2016-L-032, 2016-Ohio-8429, ¶ 20. Since Mr. Robinson failed to comply with this requirement, his arguments regarding the magistrate's factual findings are barred. *See J.S.* at ¶ 11.

{¶49} Accordingly, Mr. Robinson's third, fourth, fifth, sixth, and eighth assignments of error are without merit.

{¶50} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

11

Case No. 2022-L-043