[Cite as *Cowher v. Cowher*, 2025-Ohio-5796.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

HAYLEY COWHER,

Petitioner-Appellee,

v.

MATTHEW COWHER,

Respondent-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0063**

---

Civil Appeal from the
Court of Common Pleas, Domestic Relations Division,
of Mahoning County, Ohio
Case No. 2023 DV 00355

**BEFORE:**
Eugene A. Lucci, Matt Lynch, and Robert J. Patton, Judges,
Eleventh District Court of Appeals, sitting by assignment.

**JUDGMENT:**
Affirmed.

*Atty. Mark Lavelle*, for Petitioner-Appellee and

*Atty. Zachary P. Miller*, for Respondent-Appellant.

Dated:  December 29, 2025

**LUCCI, J.**

{¶1} Appellant, Matthew Cowher ("Matthew"), appeals the judgment determining that he failed to purge a prior finding of contempt and ordering the execution of a previously suspended 30-day jail sentence. We affirm.

{¶2} In 2023, appellee, Hayley Cowher ("Hayley"), petitioned the trial court for a domestic violence civil protection order ("DVCPO") against Matthew, pursuant to R.C. 3113.31. The court issued an ex parte order and, thereafter, approved a consent agreement and DVCPO, effective until March 14, 2024. Among other prohibitions, the DVCPO proscribed Matthew from harassing Hayley, coming within 500 feet of Hayley, entering or interfering with Hayley's place of employment, or initiating or having contact with Hayley. As exceptions to these terms, the DVCPO allowed Matthew to have contact with Hayley for the purpose of parenting time exchanges of their two minor children and permitted communications between the parties on Our Family Wizard. The DVCPO was later renewed until September 30, 2025.

{¶3} On July 18, 2024, Hayley filed a motion to show cause, asking the court to find Matthew in contempt for violating the DVCPO. In her motion, Hayley alleged that Matthew made inappropriate comments to her during a parenting time exchange of their children in the summer of 2024. Following a hearing before a magistrate, on August 19, 2024, the court adopted an order pursuant to Civ.R. 65.1(F)(3)(d), finding Matthew in contempt for violating the terms of the DVCPO. The court sanctioned Matthew by sentencing him to 30 days in jail but suspended the sentence to allow him the opportunity to purge the contempt by committing no further violations of the DVCPO and by reimbursing Hayley $750 for her attorney fees by September 15, 2024. The court scheduled a hearing on November 7, 2024, to determine if Matthew had complied with the purge conditions.

{¶4} On September 23, 2024, Hayley filed a notice that Matthew had reimbursed her $750 for her attorney fees on September 14, 2024. After continuances of the purge hearing, the matter proceeded to hearing before a magistrate on April 1, 2025.

{¶5} On April 2, 2025, the court adopted an order pursuant to Civ.R. 65.1(F)(3)(d), finding that Matthew had not complied with the purge conditions based on two violations of the DVCPO that occurred subsequent to the August 19, 2024 contempt

finding. First, the court concluded that Matthew violated the DVCPO on October 30, 2024, when he failed to immediately depart from the parties' younger child's daycare after he became aware that Hayley was present at the facility. Second, the court found that, in November 2024, Matthew contacted Hayley's employer and alleged that Hayley committed a violation of confidentiality owed as her position as a nurse at a detention facility. The court noted that neither party had presented evidence as to the payment of the $750 in attorney fees.

{¶6}    Based on the continued violations of the DVCPO, the court concluded that Matthew had failed to purge the contempt finding and ordered that Matthew report to the jail to serve the previously suspended 30-day sentence. Matthew filed objections to the April 2, 2025 order and moved to stay imposition of the jail sentence.[1] The trial court granted the motion to stay pending ruling on the objections. Thereafter, the court overruled the objections in a judgment entry dated June 17, 2025.

{¶7}    Matthew timely noticed an appeal, and this court granted a stay of execution of the judgment. Matthew raises six assignments of error, which we address together to facilitate our review.

> [1.] The trial court erred in failing to characterize the proceeding as a criminal contempt, and failing to advise the parties to the proceeding before it that it was a criminal contempt.
>
> [2.] The trial court erred in failing to consider appellant's intent which was essential to finding that appellant had committed criminal contempt, and that, therefore appellant was subject to the imposition of an unconditional jail sentence.
>
> [3.] The trial court erred in finding that appellant had committed a criminal contempt despite appellee's failure to prove each element of a criminal contempt beyond a reasonable doubt.
> [4.] The trial court erred in depriving appellant of his constitutional due process right not to incriminate himself, by basing the finding that appellant called appellee's office on November 20, 2024 exclusively on appellant's inadmissible self-incriminatory testimony.

---

1. Although parties may object to a "magistrate's decision" pursuant to Civ.R. 53, this matter is governed by Civ.R. 65.1, whereby a party may object to a "court's adoption" of a magistrate's ruling in civil protection order proceedings. *See J.S. v. D.E.*, 2017-Ohio-7507, ¶ 15 (7th Dist.).

[5.] The trial court erred in finding that there was no evidence that appellant paid seven hundred fifty Dollars ($750.00) to appellee pursuant to the August 19, 2024 decision.

[6.] The trial court abused its discretion by imposing a thirty (30) day jail sentence because that punishment is excessive and is not commensurate with the gravity of the situation.

{¶8}   First, we address the permitted scope of this appeal. A party contesting a trial court's order adopting the decision of a magistrate with respect to contempt due to violating a DVCPO must raise the contested issues through properly filed objections. *See* Civ.R. 65.1(F)(3)(d), (F)(3)(e), and (G). Unless such objections are timely filed, a party waives the issues for purposes of appeal. Civ.R. 65.1(G). *J.S. v. D.E.*, 2017-Ohio-7507, ¶ 22 (7th Dist.). Unlike objections under Civ.R. 53, where a party fails to raise a contested issue in objections filed under Civ.R. 65.1, the reviewing court may not undertake a plain error review. *Id.* at ¶ 21.

{¶9}   Here, in Matthew's objections, he argued that (1) he should not be held to have violated the DVCPO with respect to his October 30, 2024 presence at the daycare facility because he went there only to retrieve his daughter; and (2) he should not have been held to have violated the DVCPO with respect to informing Hayley's employer of her disclosure of information because Matthew had a legitimate concern about the disclosure. In a footnote in his objections, Matthew further pointed out that the September 23, 2024 notice of compliance demonstrated that he paid $750 for Hayley's attorney fees as had been ordered. These were the sole issues raised in Matthew's objections below.

{¶10}  However, on appeal, Matthew contends that the trial court erred by: (1) failing to treat the underlying proceeding as criminal contempt, (2) failing to consider whether Matthew intentionally came within 500 feet of Hayley with respect to the October 30, 2024 DVCPO violation, (3) finding Matthew in contempt without proof beyond a reasonable doubt of the October 30, 2024 DVCPO violation; (4) finding Matthew in criminal contempt with respect to the November 24, 2024 telephone call to Hayley's employer based solely on his testimony, which was elicited without a waiver of his right to not incriminate himself; (5) finding that there was no evidence that Matthew paid Hayley

the $750 as ordered for reimbursement of her attorney fees; and (6) imposing a 30-day jail sentence.

{¶11} None of the issues raised in Matthew's assigned errors were raised as objections in the trial court.[2] Accordingly, Matthew is precluded from now raising these arguments on appeal. *Moyer v. Robinson*, 2023-Ohio-764, ¶ 41 (11th Dist.). *Compare J.S.* at ¶ 22 (dismissing appeal where no timely objections pursuant to Civ.R. 65.1 were filed in the trial court).

{¶12} Moreover, we note that Matthew's first through fourth assigned errors are premised on his position that the underlying proceedings involved criminal contempt. "Because all contempt involves some type of sanction or punishment, the distinction between civil and criminal contempt is usually based on the purpose to be served by the sanction." *Liming v. Damos*, 2012-Ohio-4783, ¶ 12, citing *State ex rel. Corn v. Russo*, 2001-Ohio-15, ¶ 19. "If the sanction is remedial or coercive and for the benefit of the complainant rather than the court, the contempt proceeding is usually classified as civil." *Liming* at ¶ 12, citing *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253 (1980). "Often, civil contempt is characterized by conditional sanctions, i.e., the contemnor is jailed until he or she complies with the court order." *Liming* at ¶ 12, citing *Brown* at 253. "On the other hand, criminal contempt is usually characterized by unconditional prison terms or fines." *Liming* at ¶ 12, citing *Brown* at 253-254. "The purposes behind the sanction in criminal contempt are primarily to punish the contemnor and to vindicate the authority of the court." *Liming* at ¶ 12, citing *Brown* at 254.

{¶13} The distinction between civil and criminal contempt is important, because, in criminal contempt proceedings, the alleged contemnor is entitled to many of the same constitutional safeguards as a criminal defendant. *Liming* at ¶ 11.

{¶14} Here, the trial court found Matthew in civil contempt in the August 9, 2024 order, which provided him the opportunity to purge the contempt by abiding by the protection order and paying Hayley $750.. Nonetheless, on appeal, Matthew characterizes the April 1, 2025 purge hearing as a criminal contempt proceeding.

---

2. Even were this court to consider Matthew's footnote in his objections relative to the $750 payment of attorney fees as sufficiently objecting to the court's adoption of the magistrate's decision on this basis, the trial court's order does not turn on the payment of the $750, and, thus, any error relative to this issue would be harmless and must be disregarded. *See* Civ.R. 61.

However, "[a] purge hearing is not a new contempt proceeding but a conclusion of the originating contempt hearing, because its purpose is to determine whether the contemnor has satisfied the purge conditions." *Id.* at ¶ 16. "[I]f the original contempt sanction is civil, a purge hearing retains the civil nature of that proceeding." *Id.* at ¶ 18.

{¶15}  To the extent Matthew relies on *Tucker v. Tucker*, 10 Ohio App.3d 251 (10th Dist. 1983), that case is distinguishable. *Tucker* addressed whether an original contempt sanction—a suspended jail sentence conditioned solely on future compliance with a support order until the child reached majority—provided a proper purge mechanism. *Id.* at 252. The court concluded it did not because mere future compliance with an existing order offers no true opportunity to purge; proper purge conditions require an affirmative act the contemnor can perform. *Id.*

{¶16}  Here, however, we review not the original contempt sanction but rather Matthew's failure to satisfy the purge conditions established in that sanction. The August 19, 2024 order required Matthew to pay $750 in attorney fees—an affirmative act he could immediately perform—and to commit no further DVCPO violations before the compliance hearing. The April 1, 2025 hearing established he failed to satisfy the latter condition. Moreover, *Tucker* is procedurally inapposite because Matthew waived these arguments by failing to raise them in his objections below. *See* Civ.R. 65.1(G); *J.S.,* 2017-Ohio-7507, ¶ 22 (7th Dist.).

{¶17}  Accordingly, the underlying proceedings in this case involved civil contempt, and thus, Matthew's arguments premised upon his position that the proceedings involved criminal contempt would be unavailing even were this court permitted to reach the merits of the assigned errors.

{¶18}  Based on the foregoing, Matthew's six assigned errors are overruled.

{¶19}  The judgment is affirmed.

M. Lynch, J., Eleventh District Court of Appeals, sitting by assignment, concurs.

R. Patton, J., Eleventh District Court of Appeals, sitting by assignment, concurs.

––––––––––––––––––––

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Domestic Relations Division, of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

––––––––––––––––––––––––––––––––––––––––––

**JUDGE EUGENE A. LUCCI,**
**ELEVENTH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

––––––––––––––––––––––––––––––––––––––––––

**JUDGE MATT LYNCH,**
**ELEVENTH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

––––––––––––––––––––––––––––––––––––––––––

**JUDGE ROBERT J. PATTON,**
**ELEVENTH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

## NOTICE  TO COUNSEL

**This document constitutes a final judgment entry.**