**[Cite as *Corrales v. Clark*, 2026-Ohio-2251.]**

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# LAKE COUNTY

KIMBERLY CORRALES,

        Petitioner-Appellant,

- vs -

MATTHEW CHRISTOPHER CLARK,

        Respondent-Appellee.

| CASE NO. 2025-L-137 |
| --- |
| Civil Appeal from the Court of Common Pleas, Domestic Relations Division |
| Trial Court No. 2025 DV 000020 |

## OPINION AND JUDGMENT ENTRY

Decided: June 15, 2026
Judgment: Affirmed

*Kimberly Corrales*, pro se, 5404 Strawberry Lane, Willoughby, OH 44094 (Petitioner-Appellant).

*Rochelle M. Hellier*, Axelrod Law Office, 7976 Tyler Boulevard, Mentor, OH 44060 (For Respondent-Appellee).

EUGENE A. LUCCI, J.

{¶1}   Petitioner, Kimberly Corrales ("mother"), appeals the decision of the trial court denying her motion to extend the period in which to file objections to the trial court's adoption of a magistrate's order modifying a domestic violence civil protection order ("DVCPO"). We affirm.

{¶2}   In February 2025, the trial court issued a five-year DVCPO against respondent, Matthew Christopher Clark ("father"), naming mother, mother's child, and the parties' minor child as protected persons. Thereafter, father moved to terminate or modify the DVCPO.

{¶3}   Following a hearing before a magistrate, on September 22, 2025, the magistrate issued an order, signed by both the magistrate and judge, modifying the DVCPO to remove the parties' minor child as a protected person, but continuing the DVCPO in all other respects.

{¶4}   On October 3, 2025, mother moved for an extension of time to file objections to the September 22, 2025 order. On October 20, 2025, the trial court denied the motion because mother filed the motion pursuant to Civ.R. 53(D)(3)(b)(i), which is not applicable in this case.

{¶5}   Mother timely appealed from the October 20, 2025 order on November 19, 2025.

{¶6}   In mother's assigned error, she argues:

> The trial court violated Appellant's due process rights and abused its discretion by admitting and relying upon stale, pre-arrest evidence over Appellant's timely objection and by removing the minor child from the Domestic Violence Civil Protection Order without applying the mandatory safety factors of R.C. 3113.31(E)(8), despite undisputed evidence of post order violations and ongoing safety concerns.

{¶7}   Initially, we address the permitted scope of this appeal. Pursuant to App.R. 3(A), "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." App.R. 4(A)(1) states, "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(A)(3), which is applicable in civil cases, provides that where the clerk has not completed service of a judgment pursuant to Civ.R. 58(B) within three days, the 30-day deadline to appeal does not commence until the clerk completes service. "Where a notice

Case No. 2025-L-137

of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal." (Citations omitted.) *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶8} Here, the trial court approved the order modifying the DVCPO on September 22, 2025, through signing the same order. "When a motion for modification. . . of a civil protection order is referred to a magistrate for determination, the provisions of this division (F)(3) of this rule relating to full hearing proceedings shall apply unless such provisions would by their nature be clearly inapplicable." Civ.R. 65.1(F)(3)(e). Pursuant to Civ.R. 65.1(F)(3)(c)(iv) and (v), "A court's adoption . . . of a magistrate's denial or granting of a protection order after a full hearing under this division does not constitute a judgment or interim order under Civ.R. 53(D)(4)(e) and is not subject to the requirements of that rule. . . . [and] shall be effective when signed by the court and filed with the clerk." "Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) or division (F)(3)(e) of this rule is a final, appealable order." Civ.R. 65.1(G). However, a party may file objections to a court's adoption of a magistrate's modification of a protection order within fourteen days of the court's filing of the order. Civ.R. 65.1(F)(3)(d)(i). Although the timely filing of objections does not stay execution of the order pursuant Civ.R. 65.1(F)(3)(d)(ii), the timely filing of objections stays the running of time for appeal until the trial court rules on the objections. Civ.R. 65.1(F)(3)(e).

{¶9} Applying these provisions of Civ.R. 65.1 and App.R. 3 and 4 to the present case, the  September 22, 2025 order was a final, appealable order, and the docket reflects that notice of the order was issued by regular mail to the parties on the same day. Mother filed no objections to the order, and thus the 30-day time for appeal commenced on

Case No. 2025-L-137

September 22, 2025. Mother may not now challenge the substance of the order through her appeal filed November 19, 2025. Instead, she is limited to challenging the trial court's October 20, 2025 denial of her motion for an extension of time to file objections.[1]

{¶10} However, mother's assigned error does not challenge the trial court's order denying her motion for an extension of time to file objections, and, instead, attempts to bring an untimely challenge to the September 22, 2025 order.

{¶11} As mother's assigned error is beyond the permitted scope of this appeal, it lacks merit.

{¶12} This court shall hereafter rule on appellee's motion for sanctions in a separate judgment entry. All pending motions not specifically referenced herein are overruled as moot.

{¶13} The judgment is affirmed.

MATT LYNCH, P.J.,

SCOTT LYNCH, J.,

concur.

---

1. We further note that even had mother's appeal been timely, a party contesting a trial court's order adopting the decision of a magistrate modifying a DVCPO must raise the contested issues through properly filed objections. *See* Civ.R. 65.1(F)(3)(d), (F)(3)(e), and (G). Unless such objections are timely filed, a party waives the issues for purposes of appeal. Civ.R. 65.1(G); *J.S. v. D.E.*, 2017-Ohio-7507, ¶ 22 (7th Dist.). Unlike objections under Civ.R. 53, where a party fails to raise a contested issue in objections filed under Civ.R. 65.1, the reviewing court may not undertake a plain error review. *Id.* at ¶ 21.

Case No. 2025-L-137

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error lacks merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.

This court shall hereafter issue a ruling on appellee's motion for sanctions in a separate judgment entry. Any other pending motions not specifically referenced in the opinion are hereby overruled as moot.

Costs to be taxed against appellant.



JUDGE EUGENE A. LUCCI

PRESIDING JUDGE MATT LYNCH,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-137